No. 85.—Benj. Bryan, administrator, plaintiff in error, vs. Albright Averett, defendant in error.

[1.] Upon the death of one joint lessor, a recovery can be had in ejectment for a moiety of the land at least, as well as of the mesne profits.

[2.] In ejectment, where a trial is had after the death of one of the joint lessors and before it is known to counsel, on bringing the fact to the knowledge of the Court, a suggestion of the death may be made *nunc pro tunc*, and thereupon the prevailing party is entitled to an amendatory order, vacating the judgment as to the deceased party, to perfect the record and cure the error.

Writ of Error, *coram nobis*, in Muscogee Superior Court. Tried before Judge Worrill, May Term, 1856.

Ejectment was brought by John Goodtitle upon the several demises of B. Brown, Benjamin Bryan and Moses Bryan, against Richard Badtitle, casual ejector, and Albright Averett, tenant in possession, for the recovery of a lot of land in said county.

The case was tried at the May Term, 1854, of said Superior Court, and verdict for the defendant. It appeared afterwards, upon the suggestion and petition of Benjamin Bryan, administrator of Benjamin Bryan, deceased, who was one of the lessors in said ejectment, that at the time of said trial and verdict, said Benjamin Bryan, lessor, was dead. The petition alleges that there was error in said trial and verdict on this account, and prays for a *writ of error coram nobis*, to correct said verdict and judgment, and for another trial. Said writ of error issued and was served upon defendant, and coming up to be heard, defendant's counsel suggests the death of said lessor at the time of said trial, and moved that said suggestion be entered by the Clerk of said Court *nunc pro tunc*, and that defendant have leave to enter up judgment against the surviving lessors for cost, it appearing that no judgment for the same had ever been entered. The Court after argument, granted said order and judgment, and plaintiffs counsel excepted.

'Defendant then moved to dismiss said *writ of error coram nobis,* which, after argument, the Court granted and dismissed the same, to which decision, plaintiff excepted.

Hines Holt, for plaintiff in error.

Downing; and S. Jones, for defendant in error.

- *By the Court.*—Lumpkin, J. delivering the opinion.

It will be perceived that there were two demises laid in this writ, one from Bonvail Brown, and a joint demise from Benjamin Bryan and Moses Bryan. Benjamin Bryan died before verdict, but the fact not being known, no suggestion of his death was made, and the jury found generally for the defendant.

[1.] Can a judgment for cost be entered in favor of the defendant, there being no testimony offered to support the demise from Brown? and in our judgment this depends upon the further question of whether or not there could have been a recovery in favor of the surviving joint lessor, notwithstanding the death of the other.

In England, there could be no doubt upon this point, because there it is well settled, and we think upon principle, that the death of one joint lessor of the nominal plaintiff in ejectment does not abate the suit. *Adams on Ejectment,* 186 ; 2 *Bac. Abr. Title Ejectment, p.* 178–190, *note.* And the same doctrine is held in many of the States of the Union. 1 *Hen. & Munf.* 531 ; 2 *ib.* 614 ; 8 *Johns.* 495 ; 2 *Har. & J.* 249 ; 5 *Little,* 129.

But by the act of 1828, the *jus acrescendi* or law of survivorship in joint tenancies, is abolished in this State. *Cobb* 545. Upon the death of Benjamin Bryan, therefore, his moiety of the land belonged to his legatees or distributees. But we see no reason why· a recovery could not have been had in favor of Moses Bryan for a moiety of the land at least, as well as his portion of the mesne profits. And if *so,*

the verdict is good, and the course pursued by the Court is in strict conformity to the established practice in such cases.

[2.] In ejectment where a trial is had after the death of one of the joint lessors of the plaintiff and before it is known to counsel, on bringing the fact to the knowledge of the Court, a suggestion of the death may be made *nunc pro tunc*, and thereupon the prevailing party is entitled to an amendatory order, vacating the judgment as to the deceased party, to perfect the record and cure the error. 5 *T. R.* 577 ; *Adams on Ejectment,* 298–300, *and cases there cited ; 2 T. R.* 737 ; 6 *T. R.* 450.

In this case, really no amendment was necessary. There was a general finding for the defendant, but no judgment for cost entered, and the only reason for making the suggestion was to restrict the judgment to the surviving plaintiff, otherwise it must have conformed to the verdict.

Judgment affirmed.