9319.  REYNOLDS *et al. v.* CITIZENS⹁ BANK OF MOUL-
TRIE, GA.

BROYLES, P. J.  1. Counsel for the plaintiff bank having stated in their
brief⹁ in this court that they admitted on the trial that the plaintiff
bank was not a bona fide purchaser, without notice, before maturity,
of the note sued upon, it will not be considered as an innocent pur-
chaser of the note.

2. Before a transaction can be held to be within an exception to a general
rule or principle of law, its right to be so considered should clearly
appear.  A general rule of law is that parol evidence is inadmissible
to add to, take from, or vary a written contract.  Civil Code (1910),
§ 4268.  There are various apparent exceptions to or modifications of
this rule.  Such an exception is discussed in *Hansford* v. *Freeman*, 99
*Ga.* 376 (27 S. E. 706).  That case is in many respects similar to the
instant one.  It was there held, in the first headnote, that "Where a
promissory note was signed and delivered by the maker to the payee's
agent, upon an express understanding and agreement that the latter
was not to deliver the note to his principal except upon the happen-
ing of a certain event, but was to hold the note 'for both parties' until
it could be ascertained whether or not this event would happen, and
where in fact it did not happen at all, and the agent, in violation of
the understanding and agreement above mentioned, delivered the note
to his principal, such delivery was not effective or binding upon the
maker. . Under these circumstances, the agent was, as to the matter of
delivery, the mutual agent of both the other parties."  It will be noted
from this headnote, and from the opinion (p. 380), that the material
holding there was that parol evidence was admissible, under the facts
of that case, to disprove the fact of the *delivery* of the note sued upon.
In the instant case paragraph "B" of the defendant's answer did not
allege that the note sued upon and the contract of indorsement thereon
were not actually *delivered* by the agent of the payee to the payee,
or that such agent received the note with the understanding that he
was to *hold* it and not to *deliver* it to his principal until he had ob-
tained the indorsement of another person upon the note.  The ruling
in the *Hansford* case will not be extended to cover the facts of this
case.  The court did not err in striking this paragraph of the answer.

3. The contract of indorsement showed upon its face, from a fair infer-
ence, that it was executed for the express purpose of extending the
time of payment of the original note so indorsed; and, although the
payee may not have been bound to so extend the time of payment (he
not having signed the agreement), yet since the record and a fair
inference therefrom discloses that as a matter of fact he did so ex-
tend the time of payment (suit upon the note not being brought until
after the lapse of the extended time of payment), there was a consider-
ation which actually flowed to the original maker of the note by reason
of such indorsement.  It was immaterial that the indorsers themselves
received no benefit.  It follows that the court did not err in striking
paragraphs "C" and "D" of the answer.

4. The court did not err in striking the entire answer of the defendants, or in thereafter directing a verdict in favor of the plaintiff.

> *Judgment affirmed. Bloodworth, J., concurs.*
> DECIDED APRIL 9, 1918.

Complaint; from Colquitt superior court—Judge Thomas. October 2, 1917.

*W. C. Mather, Shipp & Kline,* for plaintiffs in error.

*Parker & Gibson,* contra.

HARWELL, J., dissenting. Paragraphs "C" and "D" of the plea of the defendants Reynolds and Booker, the indorsers, set up the following as a defense: "There was no consideration for these defendants signing said note, these defendants receiving no consideration for so signing said note, the signing of said note by these defendants being a nude pact. These defendants further say there was no consideration flowing to the original makers of said note, by reason of these defendants signing said note, and there was nothing done by said Battle or plaintiff by reason of these defendants signing said note that extended the time of payment of said note, or withheld said plaintiff or Battle from taking any legal action thereon." The indorsement on the note given by Ott to one Battle for the principal sum of $137.50, due October 15, 1916, was as follows: "We, the undersigned, hereby indorse and guarantee the payment of the within note and title as follows: $68.75 on Nov. 1st, 1916, and balance on Jan. 15, 1917. This August 5th, 1916. [Signed] J. M. Reynolds. W. R. Booker." In the opinion of the writer, this portion of the plea set up a good defense, and the court erred in striking it. It is true that an extension of the time by the payee or holder to the maker of the note would be a sufficient consideration for the accommodation indorsement by Reynolds and Booker, but whether this was done or not is a question of fact to be passed on by the jury.

Moreover it appears that the attachment was sued out and the declaration filed for the full amount of the note, prior to the time the balance on the note was payable by the indorsers, which was January 15, 1917. This seems to negative the fact that the payee or holder ever agreed to an extension. The writer is therefore of the opinion that the court erred in striking the portion of the plea above referred to, and in directing a verdict for the plaintiff.