29311. STILLWELL *v.* McINTIRE.

82

DECIDED MARCH 11, 1942. REHEARING DENIED MARCH 27, 1942.

*M. Warren Tenenbaum,* for plaintiff in error.

*Joe A. Long,* contra.

FELTON, J. F. P. McIntire sued W. H. Stillwell to recover certain principal amounts of money advanced to the defendant to be applied as credits on a note of which the defendant was maker and on which the plaintiff was indorser. The petition alleged that the original note was for $325, payable sixty days after date, with interest at eight per cent. per annum; that at maturity the principal was reduced by $25 and a renewal note given for the remainder, the defendant signing as principal and the plaintiff as indorser; that the principal amount was reduced at intervals in like manner until it amounted to $125, for which the last note was given on February 10, 1932; that the defendant received each note as it was renewed, and had them in his possession at the time of the filing of the suit; that the holder of the last note sued the defendant as maker and the plaintiff as indorser and obtained a judgment against both; that the plaintiff paid the execution and had it transferred to him, and that it was later paid by the defendant. The defendant filed a general demurrer to the petition and also a demurrer on the ground that the action was barred by the statute of limitations. Plaintiff amended the petition by alleging that the plaintiff paid the execution on April 4, 1936, and that he occupied the position of, and was substituted for, the payee of the original note as to all her rights as against the defendant. The demurrers were renewed. The court overruled the demurrers, and the defendant excepted.

■ The court erred in overruling the demurrers. If the suit is construed as a suit on the original note, or on all of them except the last one, no cause of action is set out for the reason that when the holder of the $125 note instituted suit on it and obtained a judgment she exhausted all her rights of action on the note and all

the other notes in renewal of which it was given. In a suit by an accommodation indorser, under the facts of this case, the indorser's rights can be no greater than those of the holder of the instrument at the time of its complete satisfaction. When the holder reduced the last note to judgment her only right was crystallized in the judgment and execution, and when the indorser paid the execution and had it transferred to him he succeeded to the rights of the holder. When the defendant paid the execution the rights of the indorser under the execution and notes came to an end by complete satisfaction of the indebtedness represented by the note. It does not require discussion to show that the original holder of the note could not bring a suit on it after she had obtained a judgment on the renewal note, thus subjecting the defendant to a second suit on the same cause of action or what in law would be the equivalent. Assuming for the sake of argument that the holder of the note could have sued either on the renewed notes or the renewal note after the renewed notes had been delivered to the maker without fraud, deceit, mistake or duress, the fact that she elected to and did sue on the renewal note was final and fixed her rights in the premises. When this was done the rights of the indorser to sue on the notes were also fixed.

The causes of action on implied promises to repay the various amounts advanced to the defendant by the indorser to be applied on the indebtedness represented by the original and renewal notes were barred by the statute of limitations, because all of the advances were made more than four years before the filing of the suit.

The court erred in overruling the demurrers.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*