James J. Keaton and John R. Hampton, plaintiffs in error, vs. Wade C. Cox, defendant in error.

[1.] In an action against several persons on a note signed by one of them as " security," the *judgment* was against them generally, not specifying that it was against the latter as security, and the others as principals.
*Held,* That this omission in the judgment, was not a ground for an illegality.

[2.] *Held* also, That a failure by the plaintiff to observe instructions of the surety to make his money out of a principal is not a ground of illegality.

Illegality, and motion to set aside judgment and fi. fa., from Baker. Decision by Judge Allen, May Term, 1858.

Wade C. Cox sued James D. Hampton, James J. Keaton, and John R. Hampton, the latter as surety, and *judgment*

was entered up against J. J. Keaton and J. R. Hampton generally, not *against one as surety*, and the other *as principal*. This judgment was obtained in Baker county, where the parties resided at the time of the commencement of said suit. James D. Hampton moved to Florida before the commencement of the suit, and John R. Hampton moved to Dougherty county afterwards. Execution issued on the judgment and was placed in the hands of the Sheriff of Baker county, and while thus in his hands, John R. Hampton notified and charged him to levy it on the plantation of J. J. Keaton. Before it was or could be done, Benj. O. Keaton, to whom the same was transferred, took it from said Sheriff, carried it to Dougherty county, and it was by the Sheriff of that county levied on a negro man slave, the property of John R. Hampton. John R. Hampton made an affidavit of illegality to the execution, setting forth therein the foregoing facts, and on the trial of the same, the Court held them insufficient to restrain said execution from proceeding, and Hampton's counsel excepted.

J. R. Hampton's counsel then moved the Court to set aside the judgment on the above stated grounds, which the Court also refused, and Hampton's counsel excepted and assigns error on the exceptions.

STROZIER & SMITH, for plaintiff in error.

WARREN & WARREN, for defendant in error.

*By the Court.*—BENNING J. delivering the opinion.

Was the Court below right in overruling the affidavit of illegality?

It is true, that the judgment is general against Jas. J. Keaton and Jno. R. Hampton—not specifying, that it is against the latter as surety; but the statute does not require that the *judgment* should specify any thing in this respect. What the statute requires, is, that when "any security to any note,'

"shall subscribe himself as security," it shall be held as evidence of his being such security, "and the plaintiff shall sue out original and *mesne* process, accordingly." *Cobb*, 594.

But if the statute did require the judgment to specify this, the omission to specify it, would be amendable. *Cobb*, 488.

[1.] There is nothing, then, in the first ground of the affidavit of illegality.

[2.] Nor is there any thing in the second.

In a *fi. fa.* against several defendants, the plaintiff has the right to make his money out of any of them, at his pleasure; and this, although it may be, that some of them are but sureties. The judgment binds equally, the property of all. This being the plaintiff's right, neither he, nor the Sheriff, is bound to regard instructions from one of such defendants who is only a surety, to make the money out of the property of another of the defendants, who is a principal. No law was read to show the plaintiff or Sheriff so bound.

Judgment affirmed.