Lenoard *et al. vs.* Collier.

DOCTOR B. LENOARD *et al.*, plaintiffs in error, *vs.* JOHN J. COLLIER, defendant in error.

1. When a suit was brought against A and B, administrators of C, and against D as security for C, on a promissory note made by C, as principal, and D as security, and a verdict taken for the plaintiff for the amount due on the note, but the judgment was entered up simply against the defendants, and contained no words providing that it should be levied on the goods and chattels, lands, etc., in the hands of A and B, as administrators, etc., and execution issued against A and B, as administrators simply, and against D as security :

Lenoard *et al. vs.* Collier.

*Held*, that the judgment was not void, but only irregular, and might be so amended as to conform to the declaration and verdict.

2. A bill in equity will not, in this state, lie to enjoin an execution on the ground that the judgment and execution do not follow the declaration and verdict. The remedy is at law by affidavit of illegality, or by motion in open court to amend.

3. No second affidavit of illegality will lie for a defect or irregularity in a judgment and execution, unless it appears that such defect was unknown to the affiant at the time of the filing of the first affidavit, and if the sheriff refuses to receive such second affidavit, equity will not interfere to restrain the levy of the execution.

Administrators and executors. Judgment. Amendment. Injunction. Illegality. Before Judge HILL. Sumter County. At Chambers. August 1st, 1874.

John J. Collier filed his bill against Doctor B. Lenoard and Spencer C. Pryor and Sheppard G. Pryor, administrators of Benjamin F. Pettee, deceased, and William Graham, sheriff of Sumter county, making, in brief, the following case :

On January 4th, 1859, one Benjamin F. Pettee, since deceased, and whose estate is represented by Spencer C. Pryor and Sheppard G. Pryor, as administrators, gave his promissory note to "James Fleming, guardian for D. B. Lenoard or bearer," for $670 20, upon which complainant became security, he having no interest in the same. The consideration of said note was negro slaves. Some time in the year 1866, one Doctor B. Lenoard having become the owner of said note, instituted suit against "Spencer C. Pryor and Sheppard G. Pryor, administrators of Benjamin F. Pettee, deceased," and complainant, as security. On May 9th, 1867, said Lenoard obtained judgment in said suit against "the defendants" therein. Said judgment was not against the goods and chattels, lands and tenements, of the said Benjamin F. Pettee in the hands of the said administrators, but simply against the administrators individually. The execution issued against "Spencer C. Pryor and Sheppard G. Pryor, administrators, etc., and J. J. Collier, security." There were plenty of assets in the hands of said administrators belonging

Lenoard *et al. vs.* Collier.

to said deceased at. the date of said judgment, and since, to discharge any legal claim against said estate. The verdict, judgment and execution are void under the provisions of section 3573 of the Code. On January 8th, 1870, the execution aforesaid was levied upon the property of complainant, who interposed an affidavit of illegality to the effect that the consideration of said claim was in part the hire of slaves. On February 1st, 1874, said plaintiff dismissed said levy without ever having had a trial upon said issue. On July 15th, 1874, a second levy was made upon the property of complainant, who thereupon tendered an affidavit of illegality, setting up the following grounds:

1st. Said judgment is dormant, it having been rendered on May 9th, 1867, and no levy made under the execution based thereon until July 15th, 1874, more than seven years.

2d. Said judgment is void because it is against Spencer C. Pryor and Sheppard G. Pryor, administrators, simply, and not against the goods and chattels, lands and tenements of the deceased, in their hands to be administered, as required by section 3573 of the Code.

3d. Said judgment is void because against the defendants jointly, whilst the character of complainant as security, in which he was sued, is not specified.

The sheriff refused to accept said illegality, and now threatens to sell said property under the illegal proceedings aforesaid. Prayer, that the defendants, Doctor B. Lenoard and William Graham, sheriff, be enjoined from proceeding under said levy until the further order of the court. That said administrators be required to answer as to the amount of assets belonging to the intestate in their hands, and when ascertained, that they be enjoined from selling the same. That the claim of the defendant, Doctor B. Lenoard, be decreed to be paid by said administrators out of the assets of their intestate.

The defendant, Lenoard, answered the bill. His answer is omitted as not tending to illustrate the decision.

The chancellor ordered the injunction to issue as prayed for.   To this ruling defendants excepted.

C. T. GOODE, for plaintiffs in error.

No appearance for defendant.

McCAY, Judge.

1. The original declaration and the verdict by the jury in the common law suit are perfectly regular.   The declaration is against the two Pryors, administrators of Pettee, and against Collier, as security, and the cause of action set forth shows that it was a suit against the administrators, as such. Under our Code, the administrators of a deceased co-promissor may be joined with the survivor in a suit on the promise : Code, section 3348.   So the verdict is regular.   It is against the defendants.   It is not usual in this state to specify in the verdict of the jury the character of the defendants, unless there be some issue on that character.   There was here no plea, and the verdict is a finding of the jury in favor of the plaintiff on all the allegations of the declaration, and a judgment may, on such a verdict, be entered up according to the allegations.   Without doubt the judgment is defective.   It fails to charge the Pryors, as administrators, and to direct that the money shall be made *de bonis testatoris,* and it does not describe Collier as security.   In both these respects, it fails to comply with the law: Code, section 3573. But is the judgment for this reason void ?   We think not. A judgment upon a verdict is a mere clerical act of the plaintiff's attorney, and if it fails to conform in any way to the verdict, it is amendable.   It is the every day's practice of the courts to permit this, and it is expressly and in terms allowed, even after execution issued, by the Code, section 3494.   Nay, it is the every day practice to enter up a judgment *nunc pro tunc* even where there is no judgment.   The test as to what defects make a proceeding void, and what are mere irregularities, is whether the defect is amendable.

Lenoard *et al. vs.* Collier.

It is therefore clear to us that this judgment is not void but only irregular, and capable of being amended.

2. The defect—and it is a defect—both in the judgment and execution, is the subject of an affidavit of illegality. The execution has issued illegally if it has no proper, regular judgment to depend upon, and may be stopped by affidavit of illegality, or the judgment may be set aside if not amended by motion in open court: 19 *Georgia*, 579; 26 *Ibid.*, 162; 39 *Ibid.*, 565; and so the defendant seems to have thought, as his bill is founded on the fact that the sheriff refused to receive his affidavit and stop the proceedings. Was the sheriff right in this? Under the allegations in the bill, as well as by the statements of the answer, it appears that this is the second affidavit that the defendant has filed to the execution.

3. The thirty-first rule of court "provides that no second affidavit of illegality shall be received by the sheriff or other officer," and this is a salutary rule. If a defendant may stop a levy by an affidavit, he ought to take all the grounds that exist. He cannot bring up the various objections there may be to an execution in different installments. It would create interminable delays, and besides it is a rule in all legal proceedings that if a party takes steps after an irregularity of his opponent, he is ordinarily held to waive it. The sheriff was not in the wrong for refusing to receive the affidavit. To do so he would have violated a rule of court. Had this bill stated that this defect in the proceedings had not been discovered by him when his first affidavit was filed, we incline to think the sheriff ought to have received the affidavit. The rule of court can fairly be taken to mean that a second affidavit may be filed on the happening of a new ground or on the discovery of a new fact. Even an amendment of an affidavit may be made to insert new grounds, if the defendant will swear that he did not know of the grounds when the original was filed, and the rule of court is perhaps fairly to have that qualification, or a qualification that he did not know of the ground until after the first

affidavit was disposed of. Perhaps in this very case he did know of them, and he is resorting to a bill in equity to get rid of the consequences of his own negligence. If a man, knowing of several defects in a judgment, attacks it upon one ground by an affidavit, he cannot, when his objection is met, attack it on another by a new affidavit, and this is a sound rule of public policy. As there was no final judgment on the first illegality, the defendant is not estopped from moving an amendment of the judgment or moving the court to set it aside and forcing the plaintiff to amend. He makes no excuse in the bill why he has not done this. If he did not know of the defect, he can now file his illegality—if he did, he presents no claims for interference by equity. His trouble is his own fault. He owes the debt; he put his name to the paper, and the plaintiff has a right to collect the money out of him alone. For these reasons we think the complainant was not entitled to an injunction on his own showing. His remedy was at law by affidavit or by motion. If he cannot swear to the facts necessary to make an affidavit which the sheriff ought to receive, he may move in open court. But the same reason which makes it improper for him to get a second stay by affidavit makes it improper for equity to interfere. It is his own fault, if he knew the defect, and did not insert it in his first affidavit. We recognize that this judgment and execution are wrong. But they may be amended. The plaintiff may amend, or Collier may himself pay the money and move to amend, so as to use the *fi. fa.* to reimburse himself.

Judgment reversed.