## RUCKER, receiver, v. WILLIAMS.

1. Where a judgment fails to conform to the verdict upon which it was founded, and includes a party as defendant against whom the jury made no finding, such judgment may be amended by striking out the name of the party improperly 'included, so as to make the judgment conform to the verdict.

2. The judgment sought 'to be amended, as set forth in the preceding headnote, was rendered during the year 1896; the motion to amend the judgment was made in 1905. *Held*, that the motion was not barred by the lapse of time.

Submitted June 18, 1907.—Decided February 1, 1908.

Motion to amend judgment.  Before Judge Brand.  Clarke superior court.  January 15, 1907.

At the April term, 1905, of the superior court of Clarke county, J. Y. Williams filed a written motion to amend a judgment entered in said court at the October term, 1896, in the case of Rucker, receiver of the Farmers Alliance Warehouse & Commission Co., v. National Bank of Athens and others, in which suit Dawson Williams and J. Y. Williams were parties defendant.  The judgment was founded upon a verdict as follows: "We, the jury, find for the plaintiff, the receiver, against Dawson Williams, the sum of $163.24 principal, and interest at eight per cent. per annum since November 23rd, 1893.  We further find against J. Y. Williams for the same plaintiff the sum of $98.00 principal, with interest since November 23rd, 1893, at eight per cent."  Whereupon the following verdict was entered: "It is adjudged by the court that J. H. Rucker, as receiver of the Farmers Alliance Warehouse & Commission Co., do recover of Dawson Williams as principal, and J. Y. Williams as security, the sum of $163.24 principal, and the further sum of $38.07 interest to this date, and further interest at eight per cent., and———costs, notwithstanding homestead and exemption, the same being waived."  The movant prayed that the judgment be so amended as to conform to the verdict.  The plaintiff in fi. fa., in answer to the rule nisi, alleged, that the suit of Rucker, receiver &c., against Dawson Williams and J. Y. Williams was upon certain notes given by said defendants and indorsed by each respectively; that J. Y. Williams filed an answer admitting liability as surety for Dawson Williams; and that the only question determined in the suit was the amount due

on said notes, the fact of suretyship being admitted. The movant, J. Y. Williams, denied these allegations, and averred that the verdict against Dawson Williams for the sum of $163.24 was on an open account for which he, J. Y. Williams, was not security. The court admitted testimony upon the contested issues of fact, and submitted to a jury the question as to whether J. Y. Williams was entitled to have the judgment amended as prayed. The jury found in favor of J. Y. Williams; and the court passed an order allowing the judgment to be so amended as to make it conform to the verdict, by striking therefrom the name of J. Y. Williams as security for Dawson Williams. The plaintiff in fi. fa. moved for a new trial. The motion was overruled, and he excepted.

*John J. Strickland,* for plaintiff.

*Erwin & Erwin,* for defendant.

Beck, J. (After stating the facts.) The judgment of the court below, refusing a new trial, should not be disturbed. The verdict of the jury and the judgment following it was the only possible, logical, and lawful result of the submission to the jury of the question as to the right of the defendant in error to have the judgment in question amended. There are many assignments of error in the motion for new trial, including exceptions to the admission of testimony, to the charge of the court, and to refusals to charge; but it is unnecessary to pass upon them. The only evidence that was necessary or pertinent to illustrate the question of the movant's right to the amendment of the judgment was the record in the case which resulted in the judgment now under consideration. That judgment was based upon a verdict rendered by a jury to whom the issues in the original case had been submitted. The judgment sought to be amended, which was necessarily based upon that verdict, in certain respects did not follow and was not in conformity with the verdict which was its foundation. In these respects it was subject to amendment.

It may be true that under the pleadings and evidence in the original case of Rucker, receiver, *v.* National Bank of Athens, Dawson Williams, J. Y. Williams et al. the plaintiff might have been entitled to a verdict against Dawson Williams as principal, and against J. Y. Williams as security, for the sum of $163.24; the verdict as rendered by the jury was in favor of Rucker, receiver, against Dawson Williams for the said sum of $163.24, and did

not include a finding against J. Y. Williams as security. When this verdict was rendered, it may be that if the court's attention had been immediately called ·to it, the court would have directed the jury to reconsider their verdict, and to include a finding against J. Y. Williams as security; or the plaintiff might have moved for a new trial, and have had the verdict set aside on the ground that it was contrary to the evidence. But instead, he acquiesced in and accepted the verdict as it was rendered by the jury; and that being the case, he was not entitled to a judgment ostensibly based upon that verdict, which had the effect of enlarging it so as to include a finding against a party as to whom the jury had made no finding.

The motion of the defendant, J. Y. Williams, to amend the judgment in this case, does not amount to and is not in its nature a motion to set aside a judgment. It is what it purports to be, an effort to correct by amendment a judgment so as to make it conform to the verdict. "Where a judgment entry fails to correspond with the record in consequence of a clerical error or inadvertence, which makes it include more or fewer parties than it should, it may be amended by striking out the names of those erroneously added or inserting the names of those improperly omitted." 23 Cyc. 870; see also *Bryan* v. *Averetl,* 21 *Ga.* 401; *Walker* v. *Scott,* 29 *Ga.* 392.

The verdict in this case was rendered in 1896; the motion to amend was made in 1905. And the plaintiff in error contends that the motion was too late, because not made within three years, the time allowed for proceedings to set aside a judgment. The Civil Code, §5113, provides that "A judgment may be amended by order of the court, in conformity to the verdict upon which it is predicated, even after an execution issues." In the case of *Saffold* v. *Wade,* 56 *Ga.* 174, a verdict was rendered against W. O. Saffold as principal, and T. P. Saffold as security. In 1866 a judgment was entered on said verdict against "the defendant." In 1875, a motion to amend the judgment was made; and this court held that "it was competent, by leave of the court, to amend the judgment by inserting therein the letter 's' [so as to make it read "defendants"], and the name of one of the defendants as principal, and the name of the other as security, so as to make the judgment, in that respect, conform to the verdict." And in

the case of *Irby* v. *Brown, 59 Ga.* 596, "Suit was brought against an administrator, both in his individual and representative capacity. Judgment was rendered in August, 1867, but was entered against the defendant individually only. Execution issued against him in both capacities, upon which various entries were made, some of them credits. In July, 1873, the fi. fa. was transferred, and again in January, 1875. In February, 1877, the second transferee moved to amend the judgment so as to make it conform to the pleadings: *Held,* that the motion was not barred by lapse of time." See also *Williams* v. *Merritt,* 109 *Ga.* 217; *Latimer* v. *Sweat,* 125 *Ga.* 475, and cases cited; 23 Cyc. 877. We do not think that the contention of the plaintiff in error, that the right to have the judgment in question amended so as to make it conform to the verdict was lost by the lapse of time, can be sustained.

*Judgment affirmed. All the Justices concur, except Holden, J., who did not preside.*