## McGinnis *v.* Scheer.

Atkinson, Justice. 1. If during pendency of a suit in a justice's court and before the date of trial the plaintiff's attorney informs the defendant "that said summons and case had been abandoned and that it was not necessary for him to file any plea or answer and that there would be no trial of said case, and that said case would be dismissed by him," and thereby lulls the defendant into inaction causing him to fail to make his defense of payment of the plaintiff's demand, and, no defense having been made, a judgment is rendered in favor of the plaintiff, the defendant may thereafter maintain a suit in a court of equity to set aside the judgment. *Beverly* v. *Flesenthall,* 142 *Ga.* 834 (83 S. E. 942), and cit.

2. A remedy in equity being afforded in the circumstances above stated, the court may also entertain jurisdiction to set aside a subsequent judgment rendered by the justice of the peace on the basis of the same original summons upon which the first judgment was based.

3. If on the basis of the first judgment an execution is issued and summons of garnishment is served upon a third person, returnable to the justice's court after expiration of the time for appeal or writ of certiorari, the defendant would not have an adequate remedy at law either by affidavit of illegality or by statutory claim to the funds that may be paid into the court by the garnishee or otherwise.

(*a*) If he should file a claim to the fund, he could not on such trial go behind the judgment of the justice of the peace and show the facts relied on to show that the judgment was void. His only remedy in those circumstances would be resort to a court of equity.

(*b*) The case differs from *Straub* v. *First Mutual Building & Loan Association,* 178 *Ga.* 672 (173 S. E. 714), in which the defendant was afforded an adequate remedy by pleading in the pending suit.

(*c*) The case also differs from *Teft* v. *Booth,* 104 *Ga.* 590 (30 S. E. 803), and similar cases, in which the question was as to the right of plaintiff to claim, in the justice's court to which the garnishment was returnable, exemption of his wages from the process of garnishment under the law as then existing; whereas in the instant case no such question is involved, but the effort of the defendant is to go behind the original judgment in the justice's court, and to show that he was prevented from making his defense in that court of payment of the plaintiff's demand.

4. The judge erred in dismissing the petition on general demurrer.

*Judgment reversed. All the Justices concur.*

No. 11162. July 3, 1936.

*Lula G. Whitman* and *R. C. Whitman,* for plaintiff.
*D. D. Veal* and *S. T. Wingfield,* for defendant.