BROWN *v.* COLE.

No. 14688.   November 10, 1943.

844

*McDonald & McDonald* and *Philip Newbern,* for plaintiff in error. *D. E. Griffin,* contra.

ATKINSON, Justice. At the April term, 1943, of Ben Hill superior court, Mrs. Thelma Cole, formerly Brown, filed a motion to amend a judgment entered at the April term, 1938, in the case of Mrs. Thelma Brown *v.* Wilson Brown and Gladys Owens Brown, in which suit the plaintiff sought (a) to enjoin Wilson Brown from changing the status of described real estate; (b) permanent and temporary alimony for the plaintiff and her minor children; (c) annulment of marriage between Wilson Brown and Mrs. Gladys Owens Brown; (d) custody of the minor children; (e) to enjoin Wilson Brown from prosecuting a suit in Florida for divorce filed against the plaintiff; (f) and for general relief.

The judgment was founded upon a verdict as follows: "We, the jury, find a verdict for the plaintiff for the relief prayed for, except we find the settlement in so far as she is concerned is binding on her. We further find alimony for the support of each of the children described in the original petition, in the sum of $10.00 each monthly, to be paid to the plaintiff on the first of each month hereafter, beginning May 1, 1938, until each child reaches the age of 21 years." A judgment was entered which substantially followed the verdict, except that it omitted the portion finding alimony for the support of the minor children, as to which no reference was made. The movant prayed that the judgment be so amended as to conform to the verdict.

The defendant demurred to plaintiff's motion on the grounds: (1) The petition does not allege sufficient facts to authorize the relief prayed for. (2) It shows that the plaintiff has been guilty of laches. (3) It does not appear from the petition that the plaintiff has a right to have the judgment amended in the manner in which she is seeking to amend. (4) It does not appear that the petition to amend was filed during term time. (5) There is no proper party plaintiff. The defendant excepted to an order overruling his demurrer. He filed an answer in which he sought to have the judgment amended by striking the provision awarding custody of the children to the plaintiff, for the reason that the main relief sought in the original petition was alimony, and the judg-

ment was not based on a suit for divorce, or a habeas-corpus proceeding, and therefore the provision awarding custody of the children was void.

The judge, after hearing evidence, entered an order amending the judgment as prayed for by the plaintiff; but he refused to strike the provision of the judgment awarding custody of the children to the plaintiff. The defendant excepted, assigning error on each of those rulings.

■ The motion to amend the judgment, referring to the pleadings in the original suit on file in the same court, and containing copies of the verdict, and of the judgment the plaintiff sought to amend, set forth sufficient facts to authorize the relief prayed.

A judgment may be so amended by order of the court as to make it conform to the verdict on which it is predicated. Code, § 110-311. The verdict was rendered in 1938, and the motion to amend was made in 1943. Such lapse of time between the rendition of the judgment and the motion to amend is not sufficient to constitute a bar. *Mahone* v. *Perkinson*, 35 *Ga.* 207; *Saffold* v. *Wade*, 56 *Ga.* 174 (3); *Williams* v. *Merritt*, 109 *Ga.* 217 (34 S. E. 1012); *Latimer* v. *Sweat*, 125 *Ga.* 475 (2), 477 (54 S. E. 673), and cit.; *Rucker* v. *Williams*, 129 *Ga.* 828 (2) (60 S. E. 155); *Segers* v. *Williams*, 147 *Ga.* 146 (2) (93 S. E. 81); *Robinson* v. *Vickers*, 160 *Ga.* 362 (2) (127 S. E. 849); *Jones* v. *Whitehead*, 167 *Ga.* 848 (3) (146 S. E. 768); *Bank of Tupelo* v. *Collier*, 192 *Ga.* 409, 412 (15 S. E. 2d, 499), and cit.

The verdict allowing alimony for support of the minor children made such money payable to the plaintiff. It follows that the movant, who was the plaintiff in the original suit, was a proper party, and that she had a right to have the judgment so amended as to make it conform to the verdict.

The contention that the court was without jurisdiction to amend the judgment, because the petition was presented to the judge and rule nisi issued in vacation, is without merit. The order amending the judgment was passed at and during term time. *Robinson* v. *Vickers*, 160 *Ga.* 362 (4), supra. Furthermore, an amendment in the instant case alleges the motion was filed at the April term 1943.

Accordingly the court did not err in overruling the defendant's demurrer, for any reason assigned.

■ "A judgment must be amended by an inspection of the record, including the verdict and the pleadings; and parol proof can not afford a ground of amendment." *Jones* v. *Whitehead,* and *Bank of Tupelo* v. *Collier,* supra. At the hearing plaintiff introduced in evidence, (1) the original petition in which Mrs. Thelma Brown was plaintiff and Wilson Brown and Mrs. Gladys Owens Brown were defendants; (2) entries of service; (3) the verdict rendered in 1938; (4) and the judgment sought to be amended. The above evidence showed that the original judgment omitted the portion of the verdict which provided support for the minor children, and to that extent did not conform to the verdict. Accordingly the court did not err in entering an order amending the judgment.

■ In *Horton* v. *Horton,* 170 *Ga.* 766 (154 S. E. 365), custody of minor children was awarded in a suit for alimony. One exception was "because the proceeding was solely for the support of the children, not to fix their custody, change of their custody having to be determined under another provision of law not applicable to this proceeding." This court held in effect that the judge of the superior court had the right to award custody of minor children in an alimony proceeding. The original petition in the instant case contained a prayer for custody of the children, and the proceeding was in the superior court, which has jurisdiction to hear and determine divorce and habeas corpus cases. The children who were in the custody of plaintiff were brought into court in order that the judge might make an award of their custody; and the court was authorized to make such award. The opinion in *Horton* v. *Horton,* supra, states a sound principle of law, and the request to review and overrule that decision is denied.

The judgment as amended being in conformity with the legal effect and necessary construction of the verdict, the court did not err in refusing further to amend the judgment by striking therefrom the portion that awarded custody of the children to the plaintiff. *Judgment affirmed. All the Justices concur.*