18637. JOHNSON *et al. v.* JOHNSON.

Argued June 16, 1954—Decided July 13, 1954—
Rehearing denied July 27, 1954.

*Young, Hollis, Fort & Drake, James H. Fort,* for plaintiffs in error.

*Theo J. McGee,* contra.

Almand, Justice. The exception under review is to an order sustaining all general and some special grounds of demurrer to an equitable petition and dismissing the action. Jerome Johnson and Mercer Jack Johnson brought an equitable petition against Mary Rose Johnson, in two counts. In the first count, they sought to set aside a judgment and decree of Muscogee Superior Court, wherein the defendant obtained a decree of divorce from Mercer Jack Johnson and the award, as permanent alimony, of an undivided one-half interest in a described tract of land known as 711 4th Avenue, in Columbus, Georgia, the decree also awarding to her the remaining one-half interest in said property on the basis that the plaintiff Mercer Jack Johnson, then her husband, held title to one-half interest in the property as trustee for her. In this count it was alleged:

The defendant, after filing her divorce and equitable action against Mercer Jack Johnson, resumed marital relations with him, thereby voluntarily condoning the acts of cruelty which she alleged in her petition as grounds for a divorce. After such resumption of cohabitation, she stated to him that the divorce and equitable action had been abandoned, and "that it was not

necessary for him to file any plea or answer, and that there would be no trial of said case and that said case would be dismissed by her"; and relying on these statements, he did not file any defensive pleadings to the action. Contrary to these representations, the defendant, without notice to him or knowledge on his part, proceeded with the action and obtained a final decree, awarding to her a divorce and title to the real estate in question. As to the real estate involved, it was alleged that the plaintiff and his brother, Jerome Johnson, in September, 1946, jointly bought the property, and the defendant knew that the plaintiffs owned the property, but wilfully and maliciously withheld said information from the court and misrepresented the ownership of the property; that the fair market value of said real estate is above $3,000, and each of the plaintiffs owned a one-half interest in the same. Had the court been apprised of the condonation on the part of the defendant, no divorce would or could have been granted. The plaintiff Mercer Jack Johnson alleged that he had a meritorious defense to the divorce and equitable action, viz., that the defendant had condoned all the acts complained of, and that she had no interest in the property, had made no contribution thereto, and knew that the same belonged to the plaintiffs. The prayers of count 1 were that the verdict, judgment and decree in the case be declared null and void and be set aside.

Count 2 alleged: The purpose of the count was to adjudicate and establish an implied or resulting trust in favor of the plaintiff Jerome Johnson to a one-half interest in the property, and to declare the true title to the same. In September, 1946, the plaintiffs purchased said property, with the understanding between them that it would be jointly owned by them, and that the legal title would be taken in the name of Mercer Jack Johnson, but that the real ownership would be in the two brothers. Jerome Johnson "paid into said property more than $2,000 in direct payments on the purchase price and in repairs and improvements to the property, and said amount represents more than one-half of the purchase price and fair market value of said property." The allegations as to resumption of marital relations between Mercer Jack Johnson and the defendant, condonation between the parties, and the defendant's representations as to

abandonment of the divorce and equitable action, as alleged in count 1, are repeated. The prayers of count 2 were that a resulting or implied trust in favor of Jerome Johnson to a one-half interest in said property be decreed, and that title be declared in behalf of the plaintiffs, each having a one-half interest.

Attached as exhibits to each count of the petition, were copies of the petition, verdict, and decree in the divorce and equitable action. This decree granted a total divorce between the parties, decreed the legal title to a one-half interest in the property to be in the wife, awarded to her the one-half interest of the husband in said property, and provided that she "shall henceforth be the unconditional owner in fee simple of the entire interest in said real estate."

The general grounds of demurrer of the defendant to both counts were sustained, and the special grounds of demurrer which asserted a misjoinder of causes of action and of parties plaintiff were also sustained, and the action was dismissed.

1. We consider first the question of whether or not the court erred in sustaining the general demurrer to count 2 of the petition. In this count, the plaintiffs seek to set up an implied trust in favor of Jerome Johnson, under the provisions of Code § 108-106, which provides that a trust will be implied where the legal title is in one person, but the beneficial interest, from the payment of the purchase money, is either wholly or partially in another, and not upon any theory that Mercer Jack Johnson acquired title by reason of any fraud against the other party, Jerome Johnson. The only allegation as to the manner in which this property was acquired is that in September, 1946, the plaintiffs purchased the same under an agreement that the legal title would be taken and held in the name of Mercer Jack Johnson, while the real and true ownership would be in behalf of both; and that Jerome Johnson has paid into said property more than $2,000 "on the purchase price and in repairs and improvements to the property, and said amount represents more than one-half of the purchase price and fair market value of said property." There is no allegation in this count either as to what was the value of the property at the time of the purchase, or that Jerome Johnson, at or before the time of its purchase, paid any part of the purchase money. "Trusts implied from the payment of the

purchase-money or a part thereof must result, if at all, at the time of the execution of the conveyance, where there is, in obtaining such conveyance, no fraud or concealment to the injury of the person paying such purchase-money." *Gales* v. *Stokeley,* 151 *Ga.* 718 (108 S. E. 34). See also *Hall* v. *Edwards,* 140 *Ga.* 765 (3) (79 S. E. 852).

The allegations in count 2, being wholly insufficient to show that the plaintiff Mercer Jack Johnson held title to a one-half undivided interest in the property under an implied trust for the benefit of the other plaintiff, Jerome Johnson, it was not error to dismiss this count on general demurrer.

2. The court sustained the grounds of special demurrer which asserted a misjoinder of parties plaintiff and of causes of action, it being averred that the plaintiff Jerome Johnson had no interest in setting aside the divorce decree and was improperly joined as a party plaintiff, and that the action of Jerome Johnson sounded in tort, whereas the action of Mercer Jack Johnson sounded in contract. Though we are of the opinion that the ground of demurrer that there was a misjoinder of causes of action is not meritorious, in our judgment the court correctly sustained the ground as to a misjoinder of parties plaintiff. The only interest the plaintiff Jerome Johnson had in setting aside the decree of divorce and the award of this property to the defendant was on the basis that the title to the property was in the name of Mercer Jack Johnson, and that he, Jerome Johnson, had the equitable title to a one-half undivided interest therein, and that the decree awarding this property to the defendant should be set aside as being a cloud upon his title and interest. The allegations in count 1 are wholly insufficient to show that Jerome Johnson had any legal or equitable interest in the property, for the reasons pointed out in the first division of this opinion, there being no allegation in this count which shows that he had any interest, legal or equitable, in this property, or that the plaintiff Mercer Jack Johnson held title to a one-half undivided interest for the benefit of Jerome Johnson. The only allegation in this regard is that this property was bought by the plaintiffs in 1946 and title was taken in the name of Mercer Jack Johnson, and that the defendant knew that the property belonged to them jointly, and that Jerome Johnson had an inter-

est in the same. There was no error in sustaining the ground of demurrer that there was a misjoinder of parties plaintiff in count 1.

3. Equity will set aside a judgment of a court of competent jurisdiction on the grounds of fraud, accident, or mistake, only where the party had a good defense of which he was entirely ignorant, or where he was prevented from making it by fraud or accident, or the act of the adverse party, unmixed with fraud or negligence on his part. Code §§ 37-219, 37-220. In *McGinnis* v. *Scheer*, 182 *Ga.* 684 (1) (186 S. E. 804), it was held that an equitable petition was not subject to general demurrer which alleged that during the pendency of a suit in the justice court, before the date of the trial, the plaintiff's attorney in said suit informed the defendant that the summons in the case had been abandoned and it was not necessary for him to file any plea or answer, as there would be no trial of such case and it would be dismissed by the plaintiff, and the defendant was thereby lulled into inaction, causing him to fail to make his defense of payment of the plaintiff's demand, and no defense being made, judgment was rendered in favor of the plaintiff, and was sufficient to authorize the defendant to maintain a suit in a court of equity to set aside the judgment. *Haygood* v. *Haygood*, 190 *Ga.* 445 (9 S. E. 2d 834, 130 A. L. R. 87), holds that an equitable petition seeking to set aside a decree of divorce on the ground of fraud on the part of the husband, with allegations as to repeated statements of the husband to the wife after the suit was filed that he was not going through with the divorce, and continued cohabitation and recognition of the marital relation until the husband informed the wife of the divorce decree, constituted sufficient grounds of fraud for setting aside in equity the decree of divorce. In this same connection, see *Hall* v. *Lockerman*, 127 *Ga.* 537 (56 S. E. 759); *Beverly* v. *Flesenthall Bros.*, 142 *Ga.* 834 (83 S. E. 942).

The allegations in the instant case—that after the filing of the suit on the part of the defendant, the parties resumed their marital relations and lived together as husband and wife; that the wife told the husband that the divorce suit "did not amount to anything, that everything was 'O. K.', that the case had been settled and nothing more would be heard from it"; that "the

divorce and equitable proceedings had been abandoned and that it was not necessary for him to file any plea or answer and that there would be no trial of the case and that said case would be dismissed by her"; and that she subsequently, without notice to or knowledge on his part obtained a divorce decree and a judgment awarding her alimony and title to the property in dispute—were sufficient to set forth a cause of action on the ground of fraud.

Counsel for the defendant contend that the allegations of the petition are insufficient to show that the plaintiff Mercer Jack Johnson had any meritorious defense to the divorce and equitable action. In count 1 of the petition, this plaintiff alleged that he had a meritorious defense to the divorce action, in that there had been a condonation of the acts complained of by the defendant, and had a meritorious defense to the equitable action, in that the defendant had no interest in the property involved, having made no contribution thereto, and that it was known by her that the property belonged to the plaintiffs. Code § 30-109 provides that in a divorce action, if there has been a voluntary condonation subsequent to the acts complained of in the suit, and with notice thereof, "then no divorce shall be granted," and in such case the defendant may plead in defense the conduct of the party suing, and the jury may, on examination of the whole case, refuse a divorce. The question of condonation is peculiarly a matter of defense in the trial of a divorce case on its merits. *Lybrand* v. *Lybrand,* 204 *Ga.* 312 (49 S. E. 2d 515). In our opinion the petition, as against a general demurrer, alleged sufficient facts to show that Mercer Jack Johnson had a meritorious defense to the divorce and equitable action.

The court did not err in sustaining the general demurrer to count 2, or in sustaining the special demurrer as to misjoinder of Jerome Johnson as a party plaintiff in count 1; but erred in holding that count 1 did not set forth a cause of action as to the plaintiff Mercer Jack Johnson to set aside the verdict and decree in the divorce and equitable action.

*Judgment affirmed in part and reversed in part. All the Justices concur.*