41105. FRANKLIN et al. v. SEA ISLAND BANK.

DECIDED FEBRUARY 11, 1965.

*Anderson & Sanders, Cohen Anderson, Faye Sanders,* for plaintiffs in error.

*Allen & Edenfield, Francis W. Allen, B. Avant Edenfield, Robert S. Lanier,* contra.

Russell, Judge. ■ Upon the trial of the case it appeared that the defendant Joseph Franklin had purchased $25,000 worth of stock in Maggie Valley Enterprises, Inc. for which he paid $5,000 in cash and gave an original note for the balance. He later came to the conclusion after the transfer of the note by the corporation to Sea Island Bank that the stock was worthless and that the defendant corporate officers had misrepresented certain facts regarding the initial transaction. When the first note came due he indicated his willingness to pay the interest in the sum of $1,400 and execute a new note direct to Sea Island Bank. It was understood that the renewal note would be endorsed by Lehman Franklin, Allen and Wasson, but under their contention the endorsement was to have been only in their capacity as officers of Maggie Valley Enterprises, Inc. in order to bind that corporation, which was the payee of the original instrument. The original note could not be found. The president of the plaintiff bank assumed it had been returned to Joseph Franklin stamped "paid by renewal" when the new note was signed; the first note was also marked "paid" on the bank's records. Allen picked up the 1961 note at the bank, and it was returned to the bank after the endorsements were added. The testimony of the president of the bank who handled the transaction was that the bank did not and would not lend money to Maggie Valley; that when the new note was made he told Franklin it made no difference to him whether the signatures of the other men were on the note or not, he could handle it without it, but Franklin said, "I want them on there with me." The signatures of Lehman Franklin, Allen and Wasson appear on the note as personal signatures, not as officers or agents of Maggie Valley Enterprises, Inc.

It is no defense to the note sued upon that the defendant endorsers received no personal consideration from it. One signing for the accommodation of a party to the instrument as an endorser is liable on it to a holder for value even though the holder knew at the time of taking that the endorsement was for accommodation purposes only. *Code* § 14-306. It cannot be seriously contended that the plaintiff bank is not a holder for value. Even conceding that it intended the note solely as a

renewal note, that the consideration was paid out on the original note and went to Maggie Valley Enterprises, Inc., and that no novation was intended because the bank accepted both notes on the strength of the maker's signature rather than that of either the corporate or individual endorsers, this is no defense. Even though the renewal note lacked consideration (which does not appear, since the bank marked the original note paid and surrendered it) the bank could sue on the renewal note in lieu of the original, and its election to do so would bar a subsequent action on the original note. *Stillwell v. McIntire*, 67 Ga. App. 81 (19 SE2d 334). Where the payee or its assignee is not bound to extend the time of payment, but in fact does so, it cannot be contended thereafter that the renewal note is without consideration. *Reynolds v. Citizens Bank of Moultrie*, 22 Ga. App. 164 (3) (95 SE 763). "An extension of time by a creditor to his principal debtor is a sufficient consideration to support the indorsement of a note renewing the original debt." *Hollingshead v. American Nat. Bank*, 104 Ga. 250 (2) (30 SE 728). In that case the defendant Hollingshead, a defendant accommodation endorser on a renewal note which had been issued to a bank by a corporation of which he was a director, contended that there was as to him a failure of consideration, and also that he had been a victim of fraud in that he had been led to believe that the funds were sought from the bank for future use in the corporation rather than that the note he signed was a renewal note for funds previously received and expended prior to the time he had become an officer of the corporation. It was held that this plea set up no legal defense. Accordingly, the defense attempted to be set up here of lack of consideration is not available to these defendants.

■ There remains the defense urged both in the answer and the plea of misjoinder that the signatures of the endorsing defendants were not intended to be made in their personal capacities, but were intended as a corporate endorsement through them as officers and agents of the corporation. There is, however, no prayer to reform the instrument by reason of mistake or for any other reason. This is relief which can be granted only by equity; in a simple action at law on a promissory note it is

unavailable, and had these defendants desired this relief they should have so indicated by appropriate pleadings and prayers, since the Superior Court of Bulloch County did have available equitable jurisdiction. See *Code* §§ 37-207, 37-208. In any case, the pleadings and proof would probably have to be stronger than the facts indicated here. In *Crawford v. Schaefer,* 181 Ga. 221 (181 SE 587) the plea of certain defendants sued on a promissory note was to the effect that they were directors in a bank and had agreed that one of them was to advance certain money to the bank for all, to be repaid by the bank, and, if not, then the co-signers to repay their pro rata part of the obligation. The original note was lost and another note prepared and signed, but the condition was omitted. The case holds that under these circumstances the defendant who paid the whole of the note was not entitled to a reformation of the note although he specifically prayed for this relief in the absence of any facts showing that the parties were ignorant of the contents of the note signed or misunderstood the legal tenor of the obligation they assumed. In the present case there is no suggestion as to why, if these defendants intended to bind Maggie Valley Enterprises, Inc. as an endorser on the note, they did not do so, or why their names were signed to the instrument as individuals only. Nor, as has been said, was there any prayer that the instrument be reformed, or that Maggie Valley Enterprises, Inc., whom they alleged to be liable in their stead, be made a party to the action.

■ It is evident from the testimony set out above that the defendants, whether in a corporate or individual capacity, were accommodation endorsers, and that at the instance of the maker rather than the payee of the note. These facts would seem to render inapplicable the provisions of *Code* § 4-406 as follows: "Where the agency is known, and the credit is not expressly given to the agent, he shall not be personally responsible upon the contract. The question to whom the credit is given is a question of fact to be decided by the jury under the circumstances in each case." In any event, failure to charge this Code section without request was not error where the defendants were given substantially the benefit of this contention, as the court

charged that, should the jury find from the evidence that Lehman Franklin and E. A. Allen signed the note sued on as officers of Maggie Valley Enterprises, Inc. and not as individuals they should find in favor of those defendants, even though no such representative capacity appears on the face of the note.

The trial court did not err in denying the motion for a new trial as amended.

*Judgment affirmed. Felton, C. J., and Jordan, J., concur.*