23991.   ECHOLS v. TOWER CREDIT CORPORATION et al.

MOBLEY, Justice.   Appellant filed a petition against appellees, Tower Credit Corporation and Floyd T. Boatman, seeking to have a judgment rendered in Cobb Superior Court in favor of Simco Loan Company against him set aside and to temporarily and permanently enjoin the appellees from doing any act or thing to enforce the judgment or in furtherance of garnishment issued upon the judgment.

The trial court sustained the general demurrer to the petition, and it is from that judgment that appeal was taken and error enumerated.

1. The basis for the relief sought is that after Simco filed its action against appellant and he had filed demurrers and answers thereto, he and Simco reached an agreement under terms of which he agreed to execute and deliver to Simco a promissory note for $329.53 in full settlement of the lawsuit and Simco agreed to dismiss the suit upon delivery of the note; that pursuant to the agreement and relying on promises of Simco to dismiss the lawsuit, he delivered the note to Simco and made two monthly payments thereon; that Simco did not dismiss the action but took judgment thereon and then transferred it to Tower Credit Corporation, who brought garnishment proceedings against him; that Simco never intended to dismiss its suit, but by its false and fraudulent representations deliberately lulled petitioner to sleep to prevent him defending against the suit; that the judgment was procured by fraud, and that he relied upon his false and fraudulent representations made deliberately with intention to deceive him, to lull him to sleep and to obtain a judgment without notice to him.

Equity will interfere to set aside a judgment of a court having jurisdiction where the party had a good defense, which he was prevented from making by fraud of the adverse party unmixed with fraud or negligence on his part.   *Code* § 37-220.

The allegations of the petition allege a good defense to the pending action, to wit: that petitioner had given a note to Simco in settlement of the lawsuit, and that Simco had agreed to dismiss the suit upon his signing of the note.

He was prevented from making the defense by the fraud practiced upon him by Simco, to wit: falsely and fraudulently lulling him to sleep by representing that he would dismiss the

suit, which he had no intention of doing and by which he intended to lull petitioner into failing to file an answer.

This court in *Beverly v. Flesenthall Bros.*, 142 Ga. 834 (83 SE 942) where the defendant was sued as a partner of a firm, when she was not a partner and so advised the plaintiff's attorneys, who agreed to dismissal of the action, but did not do so and took a judgment against her, and she relied upon these representations and did not file a plea of no partnership, as she otherwise would have done, held that the petition sufficiently alleged facts which would operate as a fraud upon her if the judgment were allowed to stand, which would authorize setting aside the judgments as to her. See also *Johnson v. Johnson*, 210 Ga. 795, 799 (3) (82 SE2d 831); *Haygood v. Haygood*, 190 Ga. 445 (9 SE2d 834, 130 ALR 87); *McGinnis v. Scheer*, 182 Ga. 684 (1) (186 SE 804); *Southern R. Co. v. Planters' Fertilizer Co.*, 134 Ga. 527 (68 SE 95); *Hall v. Lockerman*, 127 Ga. 537 (1) (56 SE 759).

2. *Code* § 39-401 provides that "Any plaintiff or transferee may bona fide, and for a valuable consideration, transfer any execution to a third person, and in all cases the transferee of any execution shall have the same rights, and be subject to the same equities, and subject to the same defenses as the original plaintiff in judgment was." "An assignee of an execution takes it subject to any defense which the defendant might have set up against the original plaintiff, whether such assignee took with or without notice of the defense." *Register v. Southern States Phos. &c. Co.*, 157 Ga. 561, 567 (1) (122 SE 323), and see cases cited. See also *Odom v. Attaway*, 173 Ga. 883, 890 (162 SE 279).

Thus, Tower Credit Corporation, the transferee of the judgment, was subject to the defense of the appellant, that the judgment was procured through fraud.

3. The petition alleged a cause of action and the trial court erred in sustaining the general demurrer.

*Judgment reversed. All the Justices concur. Duckworth, C. J., concurs in the judgment but not in all that is stated in the opinion.*

SUBMITTED MARCH 13, 1967—DECIDED APRIL 20, 1967.

*James C. Holcombe*, for appellant.

*L. S. Cobb, Doyle C. Brown*, for appellees.