### 43422. H-J ENTERPRISES v. BENNETT.

WHITMAN, Judge. 1. "Whenever any person, other than the person against whom . . . [a tax execution] has issued, shall pay any execution issued for State, county or municipal taxes, the officer whose duty it is to enforce said execution shall, upon the request of the party paying the same, transfer said execution to said party; and said transferee shall have the same rights as to enforcing said execution and priority of payment as might have been exercised or claimed before said transfer." *Code* § 92-7602.

2. "[I]n all cases the transferee of any execution shall have the same rights, and be subject to the same equities, and subject to the same defenses as the original plaintiff in judgment was." *Code* § 39-401; *Colquitt v. Bonner,* 2 Ga. 155 (2); *Rawson v. McJunkins,* 27 Ga. 432.

3. "Whenever . . . [a] writ of execution has issued, the taxpayer, in order to determine whether the tax is legally due, may tender to the levying officer his affidavit of illegality thereto." *Code* § 92-7301. See also *Code* § 39-1001 et seq.

4. In the present case, the State Revenue Commissioner caused a fi. fa. to be issued against H-J Enterprises (hereafter called "H-J") for unpaid motor vehicle license taxes. The levying officer was directed to levy upon and sell sufficient of H-J's property to satisfy the tax. According to H-J's affidavit of illegality it has never owned or leased the delinquent vehicle which caused the issuance of the fi. fa. and it is not responsible for the license registration, ergo, the license taxes. The affidavit further states that Bob Bennett owned the delinquent vehicle; that the fi. fa. was in fact levied on property owned by Bennett, whereupon Bennett paid the assessments; that the fi. fa. now being levied by Bennett against H-J's property is the same fi. fa.; and that Bennett is holding same by assignment after having paid the assessments.

5. Non-ownership of any taxable interest in the vehicle for which the taxes were assessed by the Commissioner would be a sufficient ground of illegality against levy of the Commissioner's fi. fa. As noted in Division 2, this ground is available against Bennett as transferee.

6. Bennett takes the position that H-J should have filed an affidavit of illegality at the time the first levy was made and urged its defenses at that time. Further, it is argued that the effort to do so now is an attempt to go behind the judgment which is prohibited by *Code* § 39-1009. The answer to this is that one can not file an affidavit of illegality to a levy on another's property. *Tanner v. Wilson,* 183 Ga. 53 (2) (187 SE 625). Ownership of the vehicle against which the taxes were assessed was properly put in issue by H-J's affidavit of illegality at its first opportunity and is an issue which will have to be resolved by the trior of the facts.

It was error to sustain the motion to dismiss the affidavit of illegality.

*Judgment reversed. Felton, C. J., and Eberhardt, J., concur.*

Submitted February 5, 1968—Decided July 12, 1968—
Rehearing denied July 23, 1968—

*Telford, Wayne & Stewart, W. Woodrow Stewart,* for appellant.

*Palmour & Palmour, James E. Palmour, III,* for appellee.