44268. STATE HIGHWAY DEPARTMENT v. HOWELL.

EBERHARDT, Judge. On September 18, 1967, the State Highway Department condemned, through the declaration of taking method, 14.949 acres of land of Mr. E. L. Howell from a tract of land consisting of approximately 205 acres. The award of $3,990 was paid into court, and Mr. Howell appealed to a jury. The jury returned a verdict in the amount of $9,000, and the Highway Department appeals from the judgment and the denial of its motion for new trial.

The Highway Department contends that the court erred in charging the jury, over its objection, that: "It is your duty in this case to determine the sum of money representing just

and adequate compensation for the property actually taken by the State Highway Department or condemnor in this case. *The condemnee or defendant is entitled to a sum which may restore the money lost consequent to the taking or injury. This consists of the fair market value of the property taken. The measure of damages for the property taken by the right of eminent domain being compensatory in its nature is the pecuniary loss sustained by the owner taking into consideration all relevant facts that may be disclosed by the evidence.* "*I charge you that the word 'Value' as used in the law relating to eminent domain or condemnations in this State is a relative term depending upon the circumstances.* You will determine the value of the property taken by the condemnor in this case on September 18, 1967, it having been agreed by counsel for both sides that this was the date you could consider—would consider rather— would consider as the date the property was taken."

It is urged that the italicized portions of the charge were incorrect as abstract propositions of law and as being argumentative, confusing and misleading in regard to the measure of damages. In the trial of the case there was no evidence introduced as to damages other than market value, and there appear no unusual circumstances which make the criterion of market value inapplicable. *Held:*

1. The motion to dismiss the appeal on the ground that the judgment appealed from is not described in the notice of appeal with the required specificity is denied. The notice recites the date of the judgment, the date of its filing and that it denied appellant's motion for new trial. *Langdale Co. v. Day,* 115 Ga. App. 30 (153 SE2d 671); *Insurance Co. of North America v. Jewel,* 118 Ga. App. 599, 602 (164 SE2d 846).

2. As a general rule the only issue before the jury relative to the land taken is its market value at the time of the taking. *Central Ga. Power Co. v. Mays,* 137 Ga. 120, 123 (72 SE 900); *Central Ga. Power Co. v. Cornwell,* 139 Ga. 1 (76 SE 387, AC 1914A 880); *McDuffie County v. Gunn,* 50 Ga. App. 198 (3a) (177 SE 363); *State Hwy. Bd. v. Warthen,* 54 Ga. App. 759, 760 (189 SE 76); *Ga. Power Co. v. Livingston,* 103 Ga. App. 512, 513 (119 SE2d 802); *State Hwy. Dept. v. Stewart,* 104 Ga. App. 178, 182 (121 SE2d 278); *Sims v. Ga. Power Co.,* 112 Ga. App. 41 (2) (143 SE2d 652); *State Hwy.*

*Dept. v. Ball,* 112 Ga. App. 480, 482 (145 SE2d 577), and *City of Gainesville v. Chambers,* 118 Ga. App. 25 (162 SE2d 460).

Taking the charge here as a whole we do not find that it violates this principle. There is some language in it that is somewhat inept, but we do not see the total instruction as authorizing anything other than fair market value as the standard to be applied. Although the court referred to the condemnee as being entitled "to a sum which may restore the money lost consequent to the taking or injury," it proceeded immediately to limit this and to explain that "this consists of the fair market value of the property taken." Though it was asserted that "the measure of damages for the property taken . . . is the pecuniary loss sustained by the owner, taking into consideration all relevant facts that may be disclosed by the evidence," the court, in that connection, instructed the jury to "determine the value of the property taken . . . on September 18, 1967 . . . the date the property was taken."

The charge could have been better worded and some of it might well have been omitted, but we cannot conclude that the jury was likely to have construed it as other than an instruction to apply the fair market value standard, particularly inasmuch as there was no evidence as to any unique value before them and their verdict was within the range of fair market value as shown by the evidence.

*Judgment affirmed. Bell, P. J., and Deen, J., concur.*

SUBMITTED FEBRUARY 4, 1969—DECIDED APRIL 29, 1969.

*Arthur K. Bolton, Attorney General, Richard L. Chambers, Robert E. Sherrell, Marshall R. Sims, Assistant Attorneys General, A. Newell NeSmith,* for appellant.

*Bloch, Hall, Hawkins & Owens, F. Kennedy Hall,* for appellee.