44576, 44599. FRANKLIN et al., Executors, et al. v. SEA ISLAND BANK et al. (two cases).

ARGUED JULY 7, 1969—DECIDED OCTOBER 17, 1969—
REHEARING DENIED NOVEMBER 17, 1969—

*Lehman Franklin, Jr., Hull, Towill & Norman, Lawton Jordan, Jr., Anderson & Sanders, Cohen Anderson,* for appellants.

*Allen, Edenfield, Brown & Franklin, Francis W. Allen, Lanier & Lanier, Robert S. Lanier, Neville & Neville, William J. Neville,* for appellees.

QUILLIAN, Judge. ■ Appellee moved to dismiss the appeal in Case 44576 on the grounds that the notice of appeal is improperly styled. However, *Code Ann.* § 6-809 (d) provides: "Where it is apparent from the notice of appeal, the record, the enumeration of errors, or any combination of the foregoing, what

judgment or judgments were appealed from or what errors are sought to be asserted upon appeal, the appeal shall be considered in accordance therewith." Ga. L. 1968, pp. 1072, 1074. Here from the examination of the notice of appeal, the record and the enumeration of errors, we are able to determine the judgment appealed from and hence the motion to dismiss the appeal is without merit. *State Hwy. Dept. v. Howell*, 119 Ga. App. 606 (1) (168 SE2d 213); *Eubank v. Barber-Colman Co.*, 115 Ga. App. 217, 219 (154 SE2d 638).

■ When this case was formerly tried, the jury found for the plaintiff Sea Island Bank and judgment was entered against the three defendants Joseph B. Franklin, Lehman Franklin and E. A. Allen. Appeal was taken to this court and the judgment was affirmed. Consequently, the judgment was entered on remittitur and the execution issued against the three defendants.

Movants now contend that the judgment should be amended in compliance with *Code* § 110-306 which requires: "In all judgments against sureties or indorsers on any bill of exchange, promissory note, or other instrument in writing, the plaintiff or his attorney shall designate and identify the relation of the parties under the contract on which such judgment is rendered." *Code* § 39-107. In *Franklin v. Sea Island Bank*, 111 Ga. App. 182, supra, this court pointed out that the suit was on a note in which the name of Joseph B. Franklin appeared as maker and Lehman Franklin and E. A. Allen as indorsers. The court further found: "It is evident from the testimony set out above that the defendants, whether in a corporate or individual capacity, were accommodation endorsers, and that at the instance of the maker rather than the payee of the note." *Franklin v. Sea Island Bank*, 111 Ga. App. 182, 186, supra. Despite the fact that the verdict and judgment in this case were formally against the three defendants, *Code* §§ 110-306 and 39-107 placed the burden upon the plaintiff or his attorney to specify the status of the parties to the note. Where this is not done the judgment and execution should be corrected under *Code* § 110-311, which provides: "A judgment may be amended by order of the court to conform to the verdict upon which it is predicated, even after an execution issues." *Saffold v. Wade*, 56 Ga. 174 (1); *Ware v.*

*City Bank,* 59 Ga. 840, 849; *Saffold v. Banks,* 69 Ga. 289, 295. See *Keaton v. Cox,* 26 Ga. 162 (1); *Powell v. Perry,* 63 Ga. 417, 422.

Appellee contends that the long lapse of time here involved from 1965 to 1969 would serve to raise the bar of laches. The Georgia Supreme Court has held that corrections might be made relative to the judgment after five or more years. See *Lenoard v. Collier,* 53 Ga. 387; *Rucker v. Williams,* 129 Ga. 828 (2) (60 SE 155); *Segers v. Williams,* 147 Ga. 146 (2) (93 SE 81); *Brown v. Cole,* 196 Ga. 843, 845 (28 SE2d 76).

In *Lenoard v. Collier,* 53 Ga. 387, 390, supra, the Supreme Court pointed out that a judgment on a verdict is a mere clerical act of the plaintiff's attorney. *Code Ann.* § 81A-160 (g) (Ga. L. 1966, pp. 609, 662; 1967, pp. 226, 239, 240) states: "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court *at any time* of its own initiative or on the motion of any party and after such notice, if any, as the court orders." (Emphasis supplied.) This is a further "liberalization" with regard to the correction of judgments by the court.

The trial judge had the power to correct the judgment under the provisions of *Code* § 110-311 and *Code Ann.* § 81A-160 (g), supra, and erred in denying the appellant's motion to amend the same.

The argument that the ruling in *Franklin v. Sea Island Bank,* 111 Ga. App. 182, supra, was the law of the case or res judicata is without merit. For the former ruling is the law of the case only that the defendants were accommodation indorsers and that the motion for new trial was properly overruled. The question here made with regard to the form of the judgment was not properly the subject of a motion for a new trial (*Bridges v. Elrod,* 216 Ga. 102, 106 (114 SE2d 874) and cases therein cited) and thus was not a matter put in issue or which might have been put in issue in the cause wherein the judgment was rendered. *Code* § 110-501.

■ In Case 44599 the appellants contend that once the notice of appeal was filed the trial court lost jurisdiction of the case

■

and had no authority to take any action whatsoever while the cause was pending in this court. Hence, they reason that the order of April 11 attempting to vacate the order of April 4 was null and void and should be reversed.

The April 11 order vacating the April 4 order substituting parties was not a final judgment since it merely left the issues therein involved open for further determination. Thus, absent a certificate of immediate review the question will not be considered by this court. *Code Ann.* § 6-701 (Ga. L. 1965, p. 18; 1968, pp. 1072, 1073). We expressly make no determination as to the finality of a judgment which refused to allow the substitution of parties since that proposition is not before us.

Moreover, had the judgment been final or a certificate of immediate review entered, we point out that *Code Ann.* § 81A-125 (Ga. L. 1966, pp. 609, 634) provides for substitution of parties upon their death or where there is a transfer of interest. This is accomplished upon proper motion and notice to the parties. Here the record reveals no compliance with the provisions of the statute. Thus, pretermitting the question of whether the trial judge had the power to vacate his order after the notice of appeal was filed, it is apparent that since the order of April 4 was void, the order of April 11, if error, was harmless to the appellants.

*Judgment reversed in Case 44576; appeal dismissed in Case 44599. Evans, J., concurs. Pannell, J., concurs in the judgment only.*

## On Motion for Rehearing.

Movant contends the proposition that the defendants were accommodation indorsers was not part of the original case since such theory was not raised as an affirmative defense. However, the Court of Appeals considered and passed upon the parties' status in the previous appearance of this case. Moreover, the court pointed out: "It is no defense to the note sued upon that the defendant endorsers received no personal consideration from it. One signing for the accommodation of a party to the instrument as endorser is liable on it to a holder for value even though the holder knew at the time of taking that the endorsement was for accommodation purposes only. *Code* § 14-306." *Franklin*

*v. Sea Island Bank,* 111 Ga. App. 182, 184 (141 SE2d 121). The court then found the bank, as plaintiff, to be a holder in due course. So, the fact that the defendants were accommodation indorsers afforded them no defense to the plaintiff's claim.

Movant further contends: "Movant is assignee of all rights, title and interest in said judgment; and movant will be adversely affected by any modification of the original judgment and execution based thereon, she not having been a party at trial and being, without question, a *bona fide* purchaser for value."

With regard to Mrs. Joseph Franklin, individually, she stands in the shoes of the bank. A bona fide transferee of a judgment or execution shall have the same rights and be subject to the same equities and defenses as the original plaintiff. *Code* §§ 110-901 and 39-401. See *H-J Enterprises v. Bennett,* 118 Ga. App. 179 (2) (162 SE2d 838) ; *Echols v. Tower Credit Corp.,* 223 Ga. 307 (2) (154 SE2d 617). As we have pointed out, this court on the prior appearance held that the bank could recover against the defendants even though they were accommodation indorsers. Assuming that Mrs. Franklin was a bona fide purchaser she would be entitled to all the bank's rights in enforcing the judgment and execution. Thus, the addition of the parties' status, and the consequent amendment of the judgment in the case sub judice would not affect or prejudice the rights of Mrs. Franklin as a transferee of the judgment.

Insofar as Mrs. Franklin, as executrix of Joseph Franklin's estate, is concerned her rights are derivative of one of the original parties defendant. In that capacity the judgment was subject to amendment as between the parties.

It is therefore apparent that individually the movant would not be harmed by the amendment of the judgment and in her representative capacity the correction was proper.

*Judgment adhered to. Pannell and Evans, JJ., concur.*