36983. COOPER v. MESH et al.

MARSHALL, Justice.

The appellant Cooper filed a complaint in equity to set aside a default judgment rendered against himself and others in favor of the appellee Mesh. Mesh answered the complaint, and she filed a counterclaim for declaratory judgment that the default judgment is not dischargeable in federal bankruptcy proceedings filed by the appellant. The appellant appeals from the superior court's grant of the appellee's motion for summary judgment as to both the appellant's complaint and the appellee's counterclaim.

As to the following, there is no conflict in the evidence: In 1972, Encold, Inc., of which the appellant Cooper was an officer, director, and agent, was constructing an apartment complex in Gwinnett County adjacent to property owned by the appellee Mesh. In May of 1973, Mesh brought suit against Cooper and others, alleging that they had caused severe damage to a lake on her property. At the trial of the case in June of 1973, the parties negotiated a settlement agreement under which Cooper would pay Mesh $5,000 and perform certain landscaping work on her property to correct the damage to the lake. However, Mesh did not cash the $5,000 check tendered to her by Cooper, and she refused to allow Cooper to enter onto her property to perform the work.

A dispute subsequently arose between counsel for the respective parties as to whether the case had been finally settled. The transcript of the hearing at which the settlement agreement was negotiated could not be located, and counsel for Mesh informed counsel for Cooper by letter in September of 1974 that they were, therefore, taking the position that the case had not been settled and that they were requesting the Clerk of DeKalb Superior Court to put the case on the active trial calendar at the earliest possible date.

The case came on for trial on October 15, 1975, as announced by publication of the DeKalb Superior Court calendar in the official organ of DeKalb County. However, since no one was present for any of the defendants, the case was continued. The case was eventually tried on November 17, 1975. Although none of the defendants appeared either in person or through counsel, the trial judge placed a

telephone call to Cooper's counsel-of-record prior to trial, and counsel stated that he no longer represented the defendants, but he said that the defendants knew about the trial. Cooper, however, denies that he knew about the trial.

1. "Complaint in equity may be brought to set aside a judgment for fraud, accident or mistake, or the acts of the adverse party unmixed with the negligence or fault of the complainant." Code Ann. § 81A-160 (e). See *Burns & Ledbetter, Inc. v. Primark Marking Co.,* 244 Ga. 341 (1) (260 SE2d 58) (1979). "Equity will interfere to set aside a judgment of a court having jurisdiction only where the party had a good defense of which he was entirely ignorant, or where he was prevented from making it by fraud or accident, or the act of the adverse party, unmixed with fraud or negligence on his part." Code § 37-220. See *Echols v. Tower Credit Corp.,* 223 Ga. 307 (1) (154 SE2d 617) (1967); *Johnson v. Johnson,* 210 Ga. 795, 799 (82 SE2d 831) (1954).

Thus, a judgment cannot be set aside by complaint in equity if rendition of the judgment is mixed with the negligence of the complainant. Cooper's attorney was notified that counsel for Mesh was going to put the case on the trial calendar. Notice of the trial date was given by the trial judge to Cooper's counsel-of-record, and this is sufficient to put Cooper on notice under Code Ann. § 81A-140 (c). *McNally v. Stonehenge, Inc.,* 242 Ga. 258 (248 SE2d 653) (1978). In addition, proper publication of the court calendar in the official organ of the county affords sufficient notice of the trial date. *McNally v. Stonehenge,* supra, but see *Spyropoulos v. John Linard Estate,* 243 Ga. 518 (255 SE2d 40) (1979).

Cooper was thus given proper notice of the trial, and it must, therefore, be said that rendition of the default judgment was not unmixed with negligence on his part. The trial judge did not err in granting Mesh's motion for summary judgment on Cooper's complaint.

2. The appellant has presented no argument or citation of authority in support of his enumeration of error that the trial judge erred in ruling that the default judgment is not dischargeable in bankruptcy. Therefore, this enumeration of error is deemed abandoned under Rule 45 (Code Ann. § 25-4545). *Hazelrig v. Hazelrig,* 242 Ga. 75 (248 SE2d 157) (1978).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 3, 1981.

*John C. Pennington,* for appellant.

*Sturgeon & Smith, Furman Smith,* for appellees.