### BAGLEY vs. STEPHENS.

1. Bidder at executor's sale, though bid accepted, entering into possession without permission, and without complying or offering to comply with any of the terms of sale, is an intruder.
2. Though a subsequent purchaser from the executor at private sale, with bond for titles and part of the purchase money paid, may have acquired no title to or interest in the land, yet being told by the executor to go and take possession, he did have a right to the possession as against an intruder, and could sue out the statutory process to expel him.

February 1, 1887.

Administrators and Executors. Sales. Intruders. Before Judge WILLIS. Chattahoochee Superior Court. March Term, 1886.

John Stephens proceeded to dispossess W. W. Bagley of certain land as an intruder thereon. The defendant filed a counter-affidavit. On the trial, the testimony showed, in brief, as follows: The executors of William Bagley sold certain lands, including that in dispute, at public outcry on the first Tuesday in November, 1885. The defendant bid in this land. The terms were one-third cash, and one-third in one, and one-third in two years. The executors agreed that purchasers might have thirty days in which to make the first payment, and that they would consider it as cash if made in that time. At the end of that time, the defendant obtained from one of the executors an extension of thirty days further. He failed to pay, but sought further time, which was refused. The executors sold at private sale to the plaintiff, received part of the purchase price, gave a bond for title and told him to go and take possession. When he went to do so, he found the defendant in possession, and the latter refused to give it up. The defendant has never paid or offered to pay anything for the land.

The only point of conflict was as to whether the executors put the defendant in possession or acquiesced in his

taking possession. This they denied, and stated that the land was rented until January 1, 1886, and they could not have given possession if they had so desired. One of them said he saw defendant cutting a log or having an ax with him; the other said that when defendant sought an extension the last time, he said he had cut some logs and they would be ruined, but the executor replied that it would be better to lose that than to lose more. One of the executors testified that he said to another purchaser that the purchaser was considered in possession; and that the property which that person bought would have been improved by what he would do on it; but that it was rented and the purchaser did not get possession. It was denied that any such announcement was made at the sale. The plaintiff testified that he bought on March 1, 1886.

The defendant insisted that the understanding was that all purchasers went into immediate possession. One witness said his recollection was, that an announcement was made at the sale that purchasers were considered in possession at once. The defendant testified that he went into possession at once and proceeded to get wood and timber off of the land; that this was known to at least one of the executors and not objected to by him; and that before the second thirty days allowed him was out, the sale to the plaintiff was made. The purchaser mentioned in the testimony for the plaintiff testified that one of the executors told him that when a man bought land, he "reckoned" he was in possession; and that the witness took possession of the property purchased by him before paying any money or receiving any papers.

The jury found for the plaintiff. The defendant moved for a new trial on several grounds, all going to the point that the plaintiff had no such right as warranted a recovery by him. The motion was overruled, and the defendant excepted.

Jos. F. Pou, for plaintiff in error.

v 78-20

C. J. THORNTON, for defendant.

BLECKLEY, Chief Justice.

1. The first question is, whether the plaintiff in error was an intruder? He rests his claim of right upon his so-called purchase at the executor's sale, and his entry under that purchase. He does not pretend, however, that he complied with the terms of sale, or any part of the terms. He was to make a cash payment of one-third of his bid and give notes for the balance. He paid nothing, and gave no note, nor did he tender either. The executors granted thirty days to make the payment, and then one or more of them extended the time thirty days longer. The first thirty days expired, the second thirty expired, and still nothing was paid or tendered, and up to the time of trial, he had not, so far as appears, offered to pay one cent, nor had he given or offered to give his note for the deferred payments or any part of them. The sale took place on the first Tuesday in November, 1885, and the process to eject him as an intruder was sued out the 5th of February, 1886. He contends that he entered under his purchase by the express consent of the executors, but this they deny; and they support their denial by the strong circumstance that all the lands of the estate, including this tract, were rented out before the sale, for a term which had not expired and would not expire until the first of January following. If it be said that there were other circumstances conflicting, in some degree, with the testimony of the executors, this conflict was for the jury, and they settled it. They were well warranted in finding, not only that Mr. Bagley had no right to the possession, but that he did not in good faith claim any legal right to it. We cannot see from the record that there was the shadow of justification for his holding. Failing in every respect to comply with the terms of sale, he could not fairly and honestly consider himself entitled to any-

thing by reason of that sale, if he is a man of sound memory and discretion.

2. The remaining question is, whether Stephens had such an interest as would entitle him to sue out the process. He purchased from the executors at private sale, paid part of the purchase money, gave his notes for the balance, and took from the executors a bond for titles. When he did this, the executors told him to go and take possession. His purchase, even if the will of the testator confers no authority upon the executors to sell at private sale, together with express direction to enter into possession, entitled him to enter as against a wrong-doer—a mere intruder. If he acquired no interest in the land itself, he did acquire an interest in the possession, and had the rights of a tenant under the executors, if no more. And it is right to the possession, not to the land, which the statute requires as the foundation on which to expel an intruder. Code, §4072. We have no difficulty in holding that, under the evidence, Stephens was entitled to sue out the process. He stated in his testimony that his purchase was made about May 10th, 1886, but this, no doubt, was a mistake in the date, for the proceedings were commenced before that time, and the general tenor of the evidence shows that his purchase was prior to the commencement of proceedings.

We need not deal specifically with the several grounds of the motion for a new trial. They are all disposed of adversely by what has been said.

Judgment affirmed.