FISHER et al. v. THE STATE.

</div>

1. There was no error in sustaining a demurrer to a plea in abatement to an indictment charging the accused with breaking and entering a railroad car of a named railroad company and stealing

<div align="right">

93　309
a110　249

93　309
121　591

93　309
125　777

</div>

therefrom certain property of that company, the plea alleging that one of the grand jurors who found the indictment was an agent of the company, and that, although the name of a natural person not connected with the company appeared as prosecutor on the indictment, the company was the real prosecutor, it also appearing that the accused had had a commitment trial and had been bound over to answer the charge set forth in the indictment, and thus had warning to challenge the juror before the bill was found. *Lascelles* v. *The State*, 90 *Ga.* 347.

2. Where error is assigned upon the court's allowing certain questions to be asked witnesses on the stand, and it does not appear what, if any, objections were made at the trial to the questions, nothing for review by this court is presented.

3. There was no error in refusing to suspend the trial in order to give counsel for the accused time to obtain certain receipts, it not appearing that these receipts were pertinent or material to the issue on trial, and counsel for the accused having announced ready without having them in his possession.

4. The evidence as to the sealing of the car being in general terms that the witness sealed it, without disclosing expressly whether both doors were sealed, or only one, and one door being found sealed when the car reached its destination and the other not examined, the evidence as to the breaking of the car was incomplete, and for that reason alone the verdict was unwarranted.

January 27, 1894.                                    *Judgment reversed.*

Indictment for breaking and entering railroad car and stealing therefrom. Before Judge JENKINS. Morgan superior court. September term, 1893.

For plea in abatement defendants set up that one of the grand jurors who found the indictment was an agent of the Georgia Railroad & Banking Company (the company named in the indictment), and that that company was the real prosecutor, although the name of John Harris appears as such on the indictment. A demurrer to this plea was sustained, and the defendants excepted. They also excepted to the overruling of their motion for a new trial, after a verdict finding them guilty. This motion alleges that the verdict is contrary to law and evidence, especially in that the proof of venue was insufficient, it not appearing that the car into which the property was testified to have been placed for transpor-

tation was broken and entered in Morgan county, and there being testimony that this car left Buckhead (where the breaking occurred, as testified) unbroken and with the seals intact.

Another ground is, that the court erred in allowing the State's counsel to ask John Fisher, a witness for defendants, if he had not been convicted in the courts, and if he had not lived in the Georgia penitentiary, and what was that for; and in allowing Bledsoe, another witness for defendants, to be asked if he had ever been convicted of a crime. The court ruled and instructed the witnesses that they could answer the questions or not, as they saw proper. It is further alleged that the court erred in allowing witness S. P. Fisher to be asked if he knew his brother N. C. Fisher had been in the penitentiary, and in allowing the State to prove that fact by him, there being higher evidence of the fact.

Another error assigned is, that the court overruled defendants' motion to suspend the case until the receipt given to the agent of the Georgia Railroad & Banking Company at Buckhead by the night operator of said railroad at that place on the evening of the alleged breaking and entering of the car into which the stolen property was placed, and the receipt given to said night operator on the same night by the conductor of a freight-train, for the car in question, could be forwarded from the general freight agent of the railroad at Augusta; it appearing that the agent and operator at Buckhead had been served by defendants with *subpœnas duces tecum* to produce said receipts, and that they had been forwarded to the general freight agent and were in his custody.

CALVIN GEORGE, J. B. PARK, Jr., and J. H. HOLLAND, by HARRISON & PEEPLES, for plaintiffs in error. H. G. LEWIS, solicitor-general, by HINES & FELDER, *contra.*