SIMMONS & KELL *v.* FREEMAN, receiver.

ATKINSON, J. 1. Where a national bank has been declared insolvent and placed in the hands of a receiver by the comptroller of currency of the United States, who duly makes an assessment against stockholders under U. S. Rev. Stat. §§ 5151, 5234 (Fed. Stat. Ann. 105, 170), on the basis of the capital stock in the bank held by them, the stockholders can not collaterally attack the order making the assessment. Cadle *v.* Baker, 20 Wall. 650 (22 L. ed. 448); Bolles' Nat. Bank Act Ann. (4th ed.) 169, § 57; O'Connor *v.* Witherby, 111 Cal. 523 (44 Pac. 227).

(*a*) Accordingly, in an action by a receiver of a national bank, to recover from a stockholder the amount of an assessment made by the comptroller of currency, a plea which seeks to go behind the order making the assessment, and denies the appointment of a receiver and the existence of grounds for appointing a receiver, and alleges that the bank was closed without lawful authority, and that an effort was being made for the purpose of collecting funds with which to pay commissions for alleged receivers, which constituted no part of the indebtedness of the bank, is insufficient to set forth any defense to the action.

(*b*) It was not erroneous to strike certain portions of the plea which purported to set up matters as indicated above.

2. Where a plaintiff, without first having obtained the sanction of the court, merely files an amendment to his petition in the office of the clerk, which, upon the hearing of the case, the court refuses to allow, the paper does not become a part of the record by merely filing it in the office of the clerk; and if exception is taken to the refusal to allow it, the proposed amendment should be brought up in the bill of exceptions or attached thereto as an exhibit, properly identified, and can not be brought up by specifying it as a part of the record of which it never legitimately became a part. *Holmes* v. *Cobb Real Estate Co.*, 142 *Ga.* 56 (82 S. E. 496).

3. "There shall be in the bureau of the comptroller of the currency a deputy comptroller of the currency, to be appointed by the secretary . . who shall possess the power and perform the duties attached by law to the office of comptroller during a vacancy in the office, or during the absence or inability of the comptroller." U. S. Rev. Stat. § 327 (Fed. Stat. Ann. 192). The deputy comptroller of the currency being authorized by law to act for the comptroller in certain contingencies, the courts will presume, in the absence of any showing to the contrary, that the deputy, in acting for the comptroller in any particular instance,

has acted lawfully. Young *v.* Wempe, 46 Fed. 354; Bolles' Nat. Bank Act Ann. 333; Cadle *v.* Baker, 20 Wall. 650 (22 L. ed. 448). A certificate signed by the deputy comptroller of the currency, as "acting comptroller of the currency," is a sufficient certificate by the comptroller of the currency within the requirements of the statute just cited. Keyser *v.* Hitz, 133 U. S. 138 (10 Sup. Ct. 290, 33 L. ed. 531).

4. Applying the foregoing: (*a*) It was not erroneous to admit in evidence certified copies of orders purporting to have been duly made by the acting comptroller of the currency, placing the bank in the hands of a receiver and appointing receivers, over the objections that there was no authority of law for an acting comptroller of the currency to perform such acts, and that no appointment of the acting comptroller had been shown. (*b*) Nor was it erroneous to admit a certified copy of an order by the comptroller of the currency, levying an assessment against stockholders for the purpose of paying debts of an insolvent bank, over the objections just stated, and the further objection that the certificate to the copy was signed by the acting comptroller.

5. It was competent to prove the identity of a "stock book" in the office of the bank, in which were kept the list of stockholders and the number of outstanding shares held by each, by a clerk in the bank having knowledge of the fact that the book was kept for such purpose, notwithstanding the entries in the book were not made by him and he knew nothing about the accuracy of the book.

6. After striking the plea, the uncontradicted evidence and all reasonable deductions therefrom demanded the verdict for the plaintiff.

                    *Judgment affirmed. All the Justices concur.*
                    NOVEMBER 16, 1916.

Complaint. Before Judge Wright. Walker superior court. August 19, 1915.

*Maddox & Doyal, R. M. W. Glenn,* and *Earl Jackson,* for plaintiffs in error. *Rosser & Shaw,* contra.