WHEELESS *v.* ROWAN *et al.*

Where a bill of exceptions is taken to the Court of Appeals, and the judgment of the lower court is affirmed on condition that the plaintiff write off from the judgment specific amounts, and that on failure so to do a new trial be granted, the clerk of the trial court is without authority to issue an execution on the original judgment, less the amounts directed to be written off, until the judgment is formally amended as required by the Court of Appeals. An affidavit of illegality on this ground should have been accepted by the levying officer. The subsequent amendment of the judgment on sales day and before the sale did not have the effect to validate the execution previously issued without authority.

No. 308.  JULY 11, 1917.

Petition for injunction. Before Judge Thomas. Berrien superior court. March 29, 1917.

W. J. Rowan obtained a judgment in the city court of Nashville, against G. A. Wheeless. A writ of error was taken to the Court of Appeals, which court adjudged that the "judgment of the court below be affirmed on condition that the plaintiff write off from the judgment $29.65 as to interest and $8.76 as to attorney's fees. If this be not done, the judgment is reversed." When the remittitur was filed in the office of the clerk of the city court of Nashville, the clerk, at the request of the plaintiff, issued an execution for the amount of the original judgment, less the items directed to be written off. This execution was levied, and the defendant handed to the sheriff an affidavit of illegality on the ground that the judgment rendered by the city court of Nashville had never been amended as required by the judgment of the Court of Appeals, and that the levy was excessive and unreasonable. A short time before the day of the sale the sheriff notified the defendant that he would not accept the illegality; and on the day of sale, a very short time before the sale occurred, the judgment of the city court of Nashville was amended, in compliance with the remittitur from the Court of Appeals. The property was sold and purchased by the plaintiff in execution, W. J. Rowan. Thereupon W. A. Wheeless filed a petition against the purchaser and the sheriff, praying that the sheriff be enjoined from executing a deed to the purchaser or undertaking in any manner to put the purchaser in possession, and, if the deed had been executed, that the same be canceled and the sale be set aside. On rule to show cause, the court, after hearing evidence, refused an injunction, and Wheeless excepted.

*William Story* and *J. S. Story*, for plaintiff.

*J. D. Lovett* and *Hendricks, Mills & Hendricks*, for defendants.

EVANS, P. J. Where a judgment of a lower court is affirmed by the Court of Appeals, upon filing the remittitur with the clerk of that court in vacation, the supersedeas shall cease, and execution shall issue at once for the amount of the original judgment. Civil Code (1910), § 6217. If the judgment of the city court of Nashville had been affirmed by the Court of Appeals without direction, execution could have issued upon the original judgment. But the judgment was affirmed on condition that the plaintiff write off a certain amount of interest and attorney's fees, and that if this were not done the judgment be reversed. Compliance with the judgment of the Court of Appeals required that the original judgment be amended before an execution could issue upon that judgment. Until amendment was made, no execution could lawfully issue. The judgment was not amended until sales day. The execution, therefore, was proceeding illegally against the defendant when the affidavit of illegality was given to the sheriff, and he should have accepted it. The amendment of the judgment on sales day did not cure the failure to comply with the judgment of the Court of Appeals, so as to validate the previously issued execution. The testimony disclosed that there was considerable difference between the value of the property sold and the price paid, and it may be that this irregularity suppressed bidding. In his answer the plaintiff in the judgment set up that the judgment upon which the execution issued was founded upon a note for the purchase of the land, and that there were also other purchase-money notes unpaid. The denial of an injunction was conditioned upon the plaintiff in the judgment filing with the clerk of the superior court these unpaid purchase-money notes. We do not think that the court could cure an invalid sale by requiring certain notes to be surrendered to the defendant in execution. When the property of a citizen is seized under the law for the purpose of sale, he has the right to insist that the seizure be by virtue of a valid process; and if the process is invalid, the sale should not take place.

*Judgment reversed. All the Justices concur.*