## 15983.  PITTS, administrator, v. EPPINGER, administrator.

BROYLES, C. J.  An affidavit in forma pauperis, made for the purpose of entering an appeal from a decision of the court of ordinary, is fatally defective if it states that the appellant is unable to pay the costs *and* give the security required by law in cases of appeal.  Civil Code (1910), § 5010; *Abernathy* v. *Mitchell*, 113 *Ga.* 127 (2) (39 S. E. 930); *Ball* v. *Mapp*, 114 *Ga.* 349 (1) (2) (40 S. E. 272).

(*a*) While such an affidavit is amendable if proper showing be made that the word "and" was used by accident and mistake for the word "or," yet where the appellant's counsel merely orally stated to the court that he intended to write the word "or" instead of the word "and," and that the use of the word "and" was "by a mistake and an error of the hand, and not because he did not know the law," and requested permission to amend the affidavit, but where no amendment was prepared or tendered to the court, and no request made for time to prepare the amendment, the court did not err in dismissing the appeal, on the motion of the appellee.  This is true although the court informed counsel for the appellant that the affidavit was not amendable.  The proposed amendment was never filed in the office of the clerk of the trial court, nor brought up in the bill of exceptions, nor attached thereto as an exhibit.  Under these facts this court can not consider the assignment of error in the bill of exceptions upon "the refusal of the court to allow the said amendment."  See, in this connection, *Simmons* v. *Freeman*, 146 *Ga.* 118 (2) (90 S. E. 965).

*Judgment affirmed.  Luke and Bloodworth, JJ., concur.*

DECIDED JANUARY 15, 1925.

Appeal; from Pike superior court—Judge Searcy.　September 13, 1924.

*J. A. Drewry,* for plaintiff.

*E. F. Dupree, R. C. Johnson Jr.,* for defendant.