17838. HUNTER *v.* JONES.

Bell, J. 1. In this proceeding to eject an intruder, under the Civil Code (1910), § 5380, the court allowed the counter-affidavit to be amended. The only exception to this ruling is contained in the plaintiff's motion for a new trial. A ruling allowing an amendment to the pleadings can not be made a ground of the motion for a new trial. *Simmons* v. *Lanford*, 21 *Ga. App.* 686 (94 S. E. 907).

2. The amendment was to allow the insertion of the word "legal" between the words "the" and "right," as they appeared in the counter-affidavit.

Continuances, 13 C. J. p. 169, n. 94; p. 199, n. 19 New.
Ejectment, 19 C. J. p. 1176, n. 86; p. 1178, n. 29.
New Trial, 29 Cyc. p. 762, n. 19.

No motion to continue the case was made on the ground of surprise (as to whether such a motion, if made, would have had the slightest merit, see *Pitts* v. *Eppinger,* 33 *Ga. App.* 354 (126 S. E. 303), but after the amendment was allowed the plaintiff moved for a continuance because the plaintiff's counsel had just been employed and "had not had the time nor opportunity to examine the papers in the case and had not read them." Both parties had announced ready at the call of the case for trial. The court did not err in overruling the motion to continue. See Civil Code (1910), § 5721.

3. The court did not err in admitting in evidence a written agreement between the alleged owner of the premises and the defendant's son, showing that the son was in possession of the premises as tenant of such alleged owner, the evidence showing, without dispute, that the defendant was occupying the premises solely in right of her son, as a member of his family. This agreement at least illustrated the defendant's good faith, such being the only issue for determination in a case of this sort. And there being no evidence to show that the defendant did not enter and remain upon the land honestly and in good faith, the court properly directed the verdict in her favor. See *Bagley* v. *Stephens,* 78 *Ga.* 304 (2 S. E. 545); *Lane* v. *Williams,* 114 *Ga.* 124 (39 S. E. 919); *Foreman* v. *Pelham,* 8 *Ga. App.* 822 (70 S. E. 158); *Sheats* v. *Blair,* 7 *Ga. App.* 272 (66 S. E. 812). There was no error in refusing a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED MAY 12, 1927.

Affidavit to evict intruder; from Rabun superior court—Judge J. B. Jones. November 22, 1926.

*J. C. & H. E. Edwards, W. S. Paris,* for plaintiff.

*R. C. Ramey, J. A. Noyes,* for defendant.