McDONALD *v.* WIMPY.

No. 16053. FEBRUARY 11, 1948. REHEARING DENIED MARCH 19, 1948.

**500**

*Weir S. Gaillard*, for plaintiff.

*Wheeler, Robinson & Thurmond* and *Kenyon, Kenyon & Gunter*, for defendant.

DUCKWORTH, Presiding Justice. (After stating the foregoing facts.) ■ The new trial here granted was the first grant of a new trial to the defendant, and comes within the rule that it will not be disturbed unless the evidence demanded a verdict in favor of the opposite party. *Jordan* v. *Dooly*, 129 *Ga*. 392 (58 S. E. 879); *Mitchell* v. *West End Park Co.*, 177 *Ga*. 449 (170 S. E. 376). Before determining whether or not the evidence demanded a verdict in favor of the petitioner, however, it is necessary to examine the petitioner's objections to the brief of the evidence presented by the defendant, for the following reasons. A jury's verdict can not be set aside by the trial judge on his own motion, but only upon a motion for new trial or a motion equivalent to a motion for new trial, except as provided in the Code, § 6-804, and not applicable here where the legality of the verdict itself is directly challenged. *Lovelace* v. *Lovelace*, 179 *Ga*. 822, 827 (177 S. E. 685); *New York Life Insurance Co.* v. *Cook*, 182 *Ga*. 409 (185 S. E. 711), and citations. A correct brief of the evidence is essential to the validity of a motion for new trial. *Pendergrass* v. *Duke*, 140 *Ga*. 550, 552 (79 S. E. 129); *Groves* v. *Groves*, 177 *Ga*. 768 (171 S. E. 261); *Dollar* v. *Fred W. Amend Co.*, 186 *Ga*. 717 (198 S. E. 753); *Roberson* v. *Roberson*, 199 *Ga*. 627 (1) (34 S. E. 2d, 836). It is the duty of the trial judge to make the brief of the evidence correct before ordering it filed as a part of the record. *Cochran* v. *Cochran*, 85 *Ga*. 678 (8) (11 S. E. 811). Where the judge improperly approves a brief of the evidence, direct exception may be taken to the order of approval over objection, or a motion may be made to vacate the order of approval, and if refused direct exception may be taken thereto. *Mann* v. *Tallapoosa St. Ry. Co.*, 99 *Ga*. 117 (24 S. E. 871); *Murray* v. *Davidson*, 174 *Ga*. 213, 219 (162 S. E. 526). To the brief of the evidence presented by the defendant the petitioner filed a written motion that it be disapproved unless corrected in thirty named respects. After all objections which the court considered meritorious had been met by changes in the brief of the evidence, the court denied the

motion to disapprove the brief of the evidence, refused to set aside the approval when entered, and refused to dismiss the motion for new trial. Since error is assigned thereon, and a correct brief of the evidence is, as stated above, essential to the validity of a motion for new trial, it has been necessary to examine the petitioner's objections to the brief of the evidence because, if meritorious, any error in disregarding them would vitiate the grant of the motion for new trial. Without setting forth the objections not met by changes in the brief of the evidence, we deem it sufficient to state that they have all been carefully examined, but are not of such nature or merit as to require any further changes in the proposed brief of the evidence. It follows that the court did not err in approving the brief of the evidence, in refusing to set aside the approval, and in not dismissing the motion for new trial. Hence, the grant of a new trial to the defendant, being the first grant in his favor, will not be disturbed unless it be found upon the inquiry now to be made that the verdict in favor of the petitioner was demanded under the law and the evidence.

■ It was held by this court on the former appearance of the case here that the evidence did not demand a verdict for the defendant, and would have authorized a verdict for the petitioner. Without setting out the voluminous evidence adduced on the last trial, it is sufficient to say that it was conflicting on the issue of the possession of the petitioner, and was substantially the same in that respect as on the first hearing. The defendant, however, introduced on the last trial a record of certain proceedings in the Superior Court of Lumpkin County, Georgia, including a judgment entered on April 20, 1934, to the effect that the petitioner had no title to the lot in question. Because of this evidence it is insisted by the defendant in error that it should be held that a verdict was demanded in his favor and that the verdict for the petitioner was unauthorized. In determining, however, whether or not the first grant of a new trial to the defendant was authorized, it is not necessary to consider whether or not a verdict was demanded in his favor, the only inquiry being whether or not the verdict in favor of the petitioner was demanded. Whether or not the verdict for the

petitioner was authorized, such a verdict was not demanded, since there was testimony for the defendant which raised an issue for the jury as to whether or not the requisite adverse possession for seven years had been shown. The new trial granted the defendant, being the first grant to him, will, accordingly, not be disturbed.

The petition alleged that the petitioner furnished money to the defendant to buy material for a fence for the petitioner's pasture, and that with the money the defendant purchased the necessary wire to pasture his livestock on the petitioner's land and thus became his tenant for the year 1944, that he never erected the fence, but on the contrary ceased to attorn to him as his landlord but is estopped from so doing. The evidence showed that the *petitioner* paid for some wire, which was sent by the storekeeper to the defendant, but does not show that he used it or did any act in subordination to the right of the petitioner, but shows that the wire was subsequently obtained by or returned to the seller. In fact, the petitioner testified: "He never did build a fence on lot 31 for me, never did use that wire. . . . .I don't guess he went into possession under me." No estoppel was shown.

*Judgment affirmed. All the Justices concur, except Bell, J., absent on account of illness, and Wyatt, J., who took no part in the consideration or decision of this case.*