21681. DAVIS et al. v. HOWELL.

ARGUED JUNE 11, 1962—DECIDED JUNE 25, 1962—
REHEARING DENIED JULY 11, 1962.

*Irwin L. Evans, Casey Thigpen, H. F. Tarbutton, J. W. Claxton,* for plaintiffs in error.

*Emory L. Rowland, Joe W. Rowland,* contra.

MOBLEY, Justice. ■ Count 1 of the motion seeks to set aside the verdict on the ground that it is too indefinite for enforcement. "There is no provision in law for setting aside a verdict except upon a motion for a new trial or a motion equivalent to a motion for a new trial, except as provided in the Civil Code (1910), § 6144 [now *Code* § 6-804]." *Corr v. Corr,* 213 Ga. 699, 700 (100 SE2d 922); *Buchanan v. Nash,* 211 Ga. 343, 344 (89 SE2d 637); *McDonald v. Wimpy,* 203 Ga. 498, 500 (46 SE2d 906); *New York Life Ins. Co. v. Cook,* 182 Ga. 409 (185 SE 711); *Lovelace v. Lovelace,* 179 Ga. 822 (1e) (177 SE 685). In the present case no motion for new trial was made, and *Code* § 6-804, which allows a party desiring to except to a verdict to dispense with a motion for new trial and proceed by direct bill of exceptions where the verdict "necessarily had been controlled" by the ruling to which exception is taken, is not applicable. The motion to set aside the verdict in the present case is, as referred to in the *Corr* case, supra, a "motion equivalent to a motion for new trial." *Dollar v. Fred W. Amend Co.,* 186 Ga. 717 (198 SE 753), and cases cited therein. A motion to set aside a verdict based on matters not appearing on the face of the record is not an available remedy to avoid the verdict unless the motion is of such form and content as to be in substance a motion for a new trial and complies with the rules governing such a motion. *Buchanan v. Nash,* 211 Ga. 343, 344, supra; *Dollar v. Fred W. Amend Co.,* 186 Ga. 717, supra; and cases cited therein. The motion in the present case is a motion to set aside the verdict for defects not appearing on the face of the record. Nothing appears on the face of the trial court record to show that there is more than one sugar-maple tree or more than one sycamore tree upon the land in question. It may be that the designated trees are the only ones of their species standing upon the land. In that event the verdict would be definite. Any indefiniteness as to the location of these trees would only appear, if at all, by reference to the brief of the evidence. However, a brief of the evidence is not a part of the face of the trial court record. *DeCoff v. Newman,* 79 Ga. App. 162 (53 SE2d 134). The motion in the instant case not having been made within 30 days of the rendition

of verdict, as required by *Code Ann.* § 70-301 for motions for new trial, was not timely, and the trial court properly denied it.

■ Count 2 of the motion asks that the judgment be set aside on the ground that it is at variance with the verdict. A judgment may be set aside only for nonamendable defects on the face of the record or pleadings. *Code* § 110-702. A judgment may be amended by order of the court to conform to the verdict upon which it is predicated, even after execution issues. *Code* § 110-311. The judgment in this case varies from the verdict in two particulars. First, the verdict says "on a line N 17.00 W." while the judgment reads "on a line W. 17.00 W." Second, the judgment attempts to locate more accurately the sugarmaple tree by adding the following words not found in the verdict: "which point where said sugarmaple tree was pointed out is on a line N 74:00 E shown as line 5 (in the event said tree is off of said line then the point designated on the plat is hereby designated as a corner and said plat is made a part of this judgment)." The description of the property line in the judgment may be amended to conform to that in the verdict. *Rucker v. Williams,* 129 Ga. 828 (60 SE 155); *Bank of Tupelo v. Collier,* 192 Ga. 409 (1) (15 SE2d 499); *Brown v. Cole,* 196 Ga. 843, 845 (1) (28 SE2d 76). Since the variance between the description in the verdict and that in the judgment is an amendable defect appearing on the face of the record, it is not a valid ground for a motion to set aside the judgment. *Code* § 110-702. Therefore the trial court did not err in denying the motion to set aside the judgment.

■ On motion of the defendant in error a brief of evidence was certified and transmitted to this court. Since consideration of the evidence is unnecessary for a decision of the questions raised by the bill of exceptions, and since the judgment excepted to is affirmed, it is directed that by proper order of the trial court the defendant in error be required to pay the costs arising in connection with the brief of evidence. *Code* § 6-810 (2); *Pope v. United States Fidelity & Guaranty Co.,* 193 Ga. 769, 770 (7) (20 SE2d 13).

*Judgment affirmed with direction. All the Justices concur.*