## 22633. DAVIS et al. v. HOWELL.

DUCKWORTH, Chief Justice. This is the second appearance of this litigation before this court. The first appearance is reported in *Davis v. Howell*, 218 Ga. 169 (126 SE2d 766), which was an attempt to set aside the verdict and judgment because of indefiniteness and uncertainty. Reference is made thereto for a more complete statement of facts. The case

now before the court is one to amend and construe the verdict, for declaratory relief from uncertainty and insecurity by reason of the vagueness and indefiniteness of the verdict and to amend the judgment in two particulars so as to follow the verdict. On October 5, 1963, the court which tried the case construed the verdict in the light of the evidence, holding the verdict definite, and also sought to employ surveyors to definitely locate the dividing line on the ground to settle the controversy between the parties. However, there is no exception to that judgment here. Thereafter, the court further construed the verdict and judgment in the light of the evidence, holding said judgment and verdict to be definite, and appointed a surveyor to locate the dividing lines on the ground. The exception is to this judgment because the court failed to construe the judgment and verdict as void and without binding force and effect for uncertainty, failed to grant the declaratory relief and improperly instructed the surveyor as to how to locate and run the line on the ground. *Held:*

1. Taking judicial cognizance of our prior decision in *Davis v. Howell,* 218 Ga. 169, supra, the judgment there affirmed, denying plaintiffs in error's prior motion to set aside the judgment and verdict as null and void for indefiniteness and uncertainty, is res judicata on this issue.

2. But the petition also alleges that the judgment does not follow the verdict in two particulars, both of which were discussed in Division 2 of *Davis,* supra. The judgment does not follow the verdict in that the direction "N 17.00 W" in the verdict was written "W 17.00 W" in the judgment, and while this was a mere typographical error, this court here and now directs under *Code* § 110-311 that the judgment be corrected in this particular to follow the verdict. However, the other language of the judgment which petitioners allege does not follow the verdict is not erroneous as contended since the court apparently examined the plat of John F. Baker, Surveyor, dated May 12, 1961, which was a part of the verdict of the jury, and found correctly from the plat that a "sugar maple tree" is at or near the line referred to, and the court properly wrote in its judgment that "in the event said tree is off of said line then the point designated on the plat is hereby designated as a corner and said plat is made a part of this judgment."

3. Plaintiffs in error likewise assign error on the judgment as to the instructions to the surveyor as to how to run the line. No such instructions are found in the final order which is the only order excepted to nor is it known whether said line has ever been run, hence there is no merit in this assignment.

4. For all the reasons stated above the court did not err in refusing to declare the verdict and judgment null and void for indefiniteness and uncertainty and no reversible error is shown, but the lower court is ordered to make the minor change in the judgment pointed out in Headnote 2 above.

*Judgment affirmed with direction. All the Justices concur.*

SUBMITTED SEPTEMBER 15, 1964—DECIDED SEPTEMBER 28, 1964—REHEARING DENIED OCTOBER 8, 1964.

*Irwin L. Evans, Casey Thigpen, H. F. Tarbutton, J. W. Claxton,* for plaintiffs in error.

*Rowland & Rowland, Emory L. Rowland, E. Hodges Rowland,* contra.