## 47402. CHARLES v. SEGARS.

PANNELL, Judge. This is an appeal in a civil action from a final judgment rendered against appellant in the State Court of Habersham County. The order of the court, enumerated as error, contains the entire facts of the case insofar as they appear from the record before this court. The order reads as follows: "The above stated case was called for trial on April 18, 1972, with the plaintiff and his counsel and the defendant's counsel being present, and attorneys for both parties announced ready, and thereafter the defendant's counsel *requested that a court reporter be present.* Pursuant to said request the court determined that the regular court reporter for the Mountain Judicial Circuit, which court reporter is also the regular court reporter for the State Court of Habersham County, could be in court in approximately an hour to an hour and a half. The court thereupon stated that it did not consider it to be a legal responsibility of the court to have a reporter present, and further that no party in advance of the beginning of the trial had requested that such a reporter be present; and the court under these circumstances stated that the case would proceed, to which statement there was no exception made by either party.

In fact, the court reporter did not arrive in court until after the testimony in the case and all the evidence had been completed." (Emphasis supplied.) *Held:*

1. The rules of practice and procedure that are applicable to the Superior Courts of this State are "the rules which govern practice and procedure of the" State Court of Habersham County. See Section 8 of the Act approved March 24, 1970 (Ga. L. 1970, pp. 679, 681).

2. Both parties announced ready for trial (see Rule 41 of the convention of Judges of the Superior Court adopted December 4, 1936; *Code Ann.* § 24-3341, being substantially the same as Rule 21, § 24-3320 in the Code of 1933) apparently without any reservations, and without any determination with reference to whether or not the court reporter was present. And appellant sought no delay or continuance when he discovered the reporter would not be present for an hour and a half, which he could have discovered before announcing ready. Even had appellant made a motion for continuance after announcing ready for trial, there would have been no abuse of discretion in refusing such a motion. See *Hunter v. Jones,* 36 Ga. App. 816 (2) (138 SE 263); *Payne v. Ormond,* 44 Ga. 514 (1); *Fisher v. State,* 93 Ga. 309 (3) (20 SE 329).

*Judgment affirmed. Quillian, J., concurs. Hall, P. J., concurs specially.*

ARGUED SEPTEMBER 8, 1972—DECIDED SEPTEMBER 27, 1972—REHEARING DENIED OCTOBER 17, 1972.

*McClure, Ramsay & Struble, Robert B. Struble,* for appellant.

HALL, Presiding Judge, concurring specially. I concur in the judgment but for a different reason than that stated in the majority opinion. In my opinion an attorney has a right to assume that a court reporter will perform his duties under the law. "Each of the judges of the superior and city courts in all circuits where there may be more than one division, whether the same be civil or criminal, shall appoint, and at pleasure remove, a reporter or stenographic

reporter for their respective divisions of said superior or city courts of their respective circuits. Such reporter, before entering on the duties of his office, shall be duly sworn, in open court, faithfully to perform all the duties required; and it shall be his duty to attend all sessions of the court for which he is appointed, and when directed by the judge, to exactly and truly record or take stenographic notes of the testimony and proceedings in the case tried, except the argument of the counsel." *Code* § 24-3102. "In all cases, civil or criminal, any party may as a matter of right have the case reported at his own expense." *Code Ann.* § 6-805 (j). See also *Code Ann.* § 24-3105.

The announcement of "ready" meant the attorney was prepared to try his case. He could have assumed that the court reporter would comply with his statutory duty. In this case the trial judge inquired as to the absence of the reporter and discovered that he would not arrive for an hour or an hour and a half. When the court then announced that the trial would proceed without the reporter, it was incumbent upon counsel to move for a postponement until the arrival of the reporter. By failing to so move, he waived his right to insist that the case be reported.