## 49678. GIANT PEANUT COMPANY v. CAROLINA CHEMICALS, INC.

EVANS, Judge.

Carolina Chemicals, Inc. sold certain goods on open account to Giant Peanut Co. Misunderstandings arose as

to the manner of payment of the account; and this resulted in an action on the account by the seller.

This case has been previously before this court in *Giant Peanut Co. v. Carolina Chem.*, 129 Ga. App. 718 (200 SE2d 918), wherein this court reversed the grant of summary judgment in favor of the plaintiff. On the return of the remittitur trial was held, and the jury returned a verdict in favor of the plaintiff for $10,550.95 "*and no interest.*" (Emphasis supplied.) The judgment followed this verdict insofar as the sum awarded, *but added 7% interest from the date the suit was filed.* Thereafter, motion for new trial was filed, amended, heard and denied. Defendant appeals from the order denying the motion for new trial, as amended, designating only the omission of the transcript of evidence and trial proceedings on appeal. *Held:*

1. Defendant did not instruct the clerk of the lower court to omit the verdict and judgment from the record on appeal, but for some unknown reason the verdict was omitted. But when ordered up by this court, it shows clearly that the judgment does not follow the verdict in that the court specifically added 7% interest to the judgment, although interest was specifically denied by the jury. This was error. See Code § 110-301; *Jenkins v. Tastee-Freez of Ga.,* 114 Ga. App. 849 (3) (152 SE2d 909). If the verdict had been silent as to the allowance of interest, a more complex question would be before us, but here the jury specifically refused to allow interest. The judge is not empowered to completely change the verdict by allowing interest which the jury has denied in its verdict. Upon return of the remittitur, unless interest is stricken from the judgment within 10 days, we order a reversal; otherwise the case is affirmed. Code § 110-311; *Davis v. Howell,* 220 Ga. 287, 288 (138 SE2d 563).

2. The only other complaint argued in this court, and which can be considered by this court since the transcript of evidence and proceedings is not before us, concerns the special ground of the amended motion for new trial complaining that a juror related within the prohibited degree to one of the officers of the defendant corporation, was allowed to serve, and this was unknown at the time of the trial by defendant. But the relationship

or kinship of a juror within the prohibited degrees to the unsuccessful litigant, even though unknown at the time of trial and not until after the verdict is not sufficient ground for a new trial. *Wright v. Smith,* 104 Ga. 174 (30 SE 651); *Neidlinger v. Mobley,* 76 Ga. App. 599 (8), 603 (46 SE2d 747); *Patterson v. State Hwy. Dept.,* 201 Ga. 860 (3) (41 SE2d 260). It is a well established principle of law that one may not complain of that which is helpful to him; and that a complainant must show, not only error, but *injury or damage* arising from such error. *Maloy v. Dixon,* 127 Ga. App. 151, 156 (193 SE2d 19). Hence, no harmful error is shown by the fact that a relative of the unsuccessful party served on the jury, for a juror would naturally be inclined to favor a kinsman rather than a stranger. *Wright v. Smith,* 104 Ga. 174, 175, supra.

*Judgment affirmed with direction. Pannell, P. J., and Webb, J., concur.*

SUBMITTED SEPTEMBER 4, 1974 — DECIDED OCTOBER 23, 1974 — REHEARING DENIED NOVEMBER 7, 1974 — ▮▮▮

*Rembert C. Cravey,* for appellant.
*Jones, Rountree & Solomon, George M. Rountree,* for appellee.