## 50791. GIANT PEANUT COMPANY v. CAROLINA CHEMICALS, INC.

DEEN, Presiding Judge.

Where a verdict for the plaintiff in an action on account found in the principal sum of $10,550.95 "and no interest," it was error for the court, in entering up judgment on such verdict, to award interest at 7% *from the date the suit was filed.* This court therefore held: "Upon return of the remittitur, unless interest is stricken from the [amount of the judgment on the verdict] within 10 days, we order a reversal; otherwise the case is affirmed," and to further state that the judgment is "affirmed with direction." *Giant Peanut Co. v. Carolina Chemicals,* 133 Ga. App. 229 (1) (211 SE2d 155).

Upon the remittitur in the above appeal being returned to the trial judge, he entered an order dated December 18, 1974, entitled "Amended Judgment" providing that plaintiff "recover of the defendant, Giant Peanut Co., the sum of $10,550.95 with interest thereon as provided by law at the rate of 7%."

The issue involved in this appeal is whether the interest on the judgment should commence to run from the date of the December 18 order or from the date of the judgment on the verdict, which was March 4, 1974. "All judgments in this State shall bear lawful interest upon the principal amount recovered." Code § 57-108. The judgment on the principal amount recovered, $10,550.95, was entered on March 4 by the trial court and that figure was affirmed on appeal to this court. Further, the trial court attempted to add a sum representing interest during the pendency of the litigation, which sum this court ordered stricken. This in no way destroyed the

validity of the jury verdict, and that verdict itself involved only (a) the principal amount, and (b) interest *up to* its rendition. Properly construed, the verdict in this case dealt only with interest claimed by the plaintiff within the time frame of the contract, its breach, and the subsequent litigation; it made no effort to and could not dictate what interest attached to the judgment itself *after* verdict.

"A judgment may be amended by order of the court to conform to the verdict upon which it is predicated, even after an execution issues." Code § 110-311. Amendments to judgments may be made in a proper case even after a fi. fa. has issued, and the fact that the case has been affirmed by an appellate court in the meantime does not prevent such amendment. *Moses v. The Eagle &c. Co.,* 68 Ga. 241. In that case the amendment to the judgment had the effect of voiding a levy on some of the property involved and approving levy on other property in accordance with the intendment of the verdict. This establishes that the amendment may *relate back to* the subject matter of the original verdict and judgment, and is not the same thing as setting aside one judgment and entering another. Interest is allowable on the *judgment on the verdict,* which establishes its date of commencement as March 4, and the amendment to the original judgment simply made clear that interest prior to verdict was not recoverable. "As between the parties to the action, amendments to the judgment and fi. fa. made to establish conformity in the whole record relate back generally, and for most purposes, to the original dates, and take effect therefrom." *Safford v. Wade,* 56 Ga. 176 (6). Nothing to the contrary is held in *Wheeless v. Rowan,* 147 Ga. 173 (93 SE 90), which holds merely that where a judgment on a verdict is affirmed on condition that some amount (there interest and attorney fees) be written off, execution cannot issue on the larger amount of the original judgment before amendment. Thus, any execution here based on the March 4 judgment for an amount including interest back to 1972 would have been illegal, as the court directed it to be written off. The amendment cured the defect, and interest *on the judgment* begins on the date of the judgment to which the amendment relates back.

*Judgment affirmed. Evans and Stolz, JJ., concur.*

SUBMITTED JUNE 30, 1975 — DECIDED SEPTEMBER 2, 1975.

*Rembert C. Cravey,* for appellant.
*Jones, Rountree & Solomon, George M. Rountree, B. W. Walker,* for appellee.