## 54685. INSURANCE COMPANY OF THE WEST v. DILLS.

McMURRAY, Judge.

Homer Dills and his wife were the owners of certain property with a building located thereon. Later a textile warehouse was completed on the property consisting of a concrete slab on grade, concrete block building with a brick veneer front, steel bar joists, steel contour beams with plywood deck and built-up roof. It also had a common wall with another building on one side. It had a steel I-beam constructed down the middle of the building supported by the mansory walls at each end and other posts in the middle. Bar joists were welded to the I-beam, and there is some question as to whether these bar joists were anchored to the wall or merely rested upon it. The building had a built-up flat roof, and it is somewhat questionable whether the roof was completely flat or whether it had an eight inch rise in the middle, giving a four inch waterfall to each side. Dills acted as his own contractor in the construction of this building which was completed in 1971.

In 1973 Dills made application for multi-peril insurance with a local insurance agency, and a policy was obtained from a surplus line carrier, Insurance Company of the West. In 1974, during a severe storm, Dills' building was destroyed. The loss was reported, and an adjuster was assigned to handle the matter. Proof of loss was forwarded by Dills, and this proof was rejected and returned to Dills because of certain alleged defects contained therein and

enumerated in a letter accompanying the proof which requested additional proof. Dills supposedly executed an additional proof thereafter. However, no settlement of the policy was ever made.

Whereupon, Dills sued Insurance Company of the West, Overseas & Domestic Underwriters, Ltd., Inc., and Smith Insurance, the local agent who obtained the policy for him, seeking judgment in the amount of $60,000 plus penalties provided by law and reasonable attorney fees. Smith Insurance was later dismissed on motion to dismiss, and Overseas & Domestic Underwriters Ltd., Inc. was also dismissed after a hearing on its motion to dismiss.

Following a pre-trial order the issues for trial were held to be whether the damage to the warehouse was caused by a windstorm and whether a valid proof of loss was furnished. The measure of damages was to be computed as the difference in the fair market value of the building immediately before and immediately after the storm. Defendant also contends that Dills was not the sole owner of the property but was a joint tenant with his former wife and further that Dills' interest had since been sold at public sale, no longer having any title to same, that is, no insurable interest; and therefore, no right to proceed. Dills' former wife was thereafter made a party plaintiff, but the case proceeded to trial in her absence as a party. The pre-trial order was amended adding the additional issue of material misrepresentation on the part of Dills as to his ownership of the property, and certain defenses set up in the defendant's answer were stricken. A motion for continuance or in the alternative a "motion for the imposition of sanctions and the dismissal of the plaintiff's action" was made predicated upon his failure to respond to interrogatories. However, this motion was never passed on, and three days later the case proceeded to trial.

Objections were made at the first opportunity to the amended pre-trial order which struck certain defenses of the defendant, including that plaintiff had no insurable interest in the property, and after argument the court again struck the defenses. The court also limited recovery to the extent of Dills' interest in the property and

overruled a motion for continuance made during the trial by plaintiff for delay until his former wife could be made an additional party plaintiff.

The case proceeded to trial based upon testimony as to the construction of the building and upon circumstantial and expert testimony as to the cause of collapse of the warehouse occasioned by the storm which involved wind, lightning, a thunderstorm and rain. Plaintiff testified that the cost of construction was $67,435.98, and two experts (appraisers) testified as to its value being $49,000.

At the close of plaintiff's testimony defendant moved for directed verdict on the grounds that he had no insurable interest in the property at the time of the trial since the same had been sold, that plaintiff had not replaced the building as required by the policy, and that no proof of loss had been filed in accordance with the endorsement provisions. This motion was denied. Defendant then offered expert witnesses as to the cause of the building's destruction — the dead flat way in which the roof was constructed with no slope which caused it to cave in due to the heavy rainfall.

The jury returned a verdict in favor of the plaintiff for the amount of $24,000, "plus interest at the rate of 11% compounded annually, from the date of the collapse of the building in question." The judgment followed the verdict, and defendant appeals. *Held:*

1. The evidence here is more than sufficient to show plaintiff's insured property was damaged by windstorm, albeit some evidence from which the jury might find it was caused by heavy rainfall. The insured made a prima facie case for jury consideration and had an insurable interest therein at time of filing of this action. *Mathis v. Hanover Ins. Co.,* 127 Ga. App. 89, 92 (192 SE2d 510); *U. S. Fire Ins. Co. v. Tuck,* 115 Ga. App. 562 (1), 569-571 (155 SE2d 431); *Old Colony Ins. Co. v. Dressel,* 220 Ga. 354, 358 (138 SE2d 886).

2. An issue of fact was clearly made as to whether or not proper proof of loss was made. The evidence does not demand a finding that no proof of loss was made to the defendant so as to void the policy. On the contrary the evidence is replete with efforts by plaintiff to gain some

response to his claim, which never materialized. An absolute refusal by insurer to pay within the time frame required for submission of proofs of loss under the contract also amounts to a waiver of proof of loss.

Further, plaintiff was not absolutely bound to rebuild the building and seek only to obtain the replacement costs as he could seek his actual damages under the insurance contract. Further, plaintiff's evidence as to the original cost of the building, its total loss, and as to its actual value could be equal to its replacement costs which the jury could determine.

3. In order for misrepresentations to void the coverage, such statements must be made for the purpose of procuring insurance not otherwise procurable, must be material to the acceptance of the risk, must be false and made with intent to defraud. See *Peninsular Life Ins. Co. v. Screen,* 100 Ga. App. 670 (1) (112 SE2d 174); *Prudential Ins. Co. of America v. Perry,* 121 Ga. App. 618 (174 SE2d 570). A distinction exists as to whether a statement made to the agent that it was owned by plaintiff when in fact his wife was also part owner resolves itself into being an incomplete representation rather than an untrue representation. See *Prudential Ins. Co. of America v. Perry,* supra; *Shield Ins. Co. v. Kemp,* 117 Ga. App. 538 (3b) (160 SE2d 915). Compare *National Ben Franklin Fire Ins. Co. v. Hurley,* 49 Ga. App. 815 (176 SE 780).

The court did charge on insurable interest. But it was unnecessary to charge on concealment, fraud and materiality as none of these was shown by the evidence. See *Farmers Mut. Fire Ins. Co. v. Pollock,* 52 Ga. App. 603 (6), 609 (184 SE 383). None of the enumerations of error complaining of the failure to give various written requests to charge on the issues discussed above are meritorious.

4. Venue was properly laid in Whitfield County, since the defendant, as admitted by counsel, was a surplus line carrier controlled by Code Ann. §§ 56-613 through 56-628 (Ga. L. 1960, pp. 289–390; as amended. See in particular Code Ann. § 56-626; Ga. L. 1960, pp. 289, 390). This law clearly states defendant "shall be sued . . . in the superior court of the county in which the cause of action arose." Defendant contends the contract was written in Bibb County; that venue was in Bibb County or Fulton

County where the insurance commissioner was served; but the building insured was in Whitfield County, and the cause of action by which plaintiff was damaged arose there. The defendant, a nonresident of this state doing business herein, neither resides in Bibb County nor Fulton County, so as to require venue and jurisdiction in either county under Code Ann. § 2-4906 (Constitution of 1945). The statute above is not unconstitutionally applied.

5. The award of 11% interest by the jury has no basis in fact or law and is voidable upon the demand of defendant. This deficiency could have been corrected at the time of the return of the verdict. Whether or not any interest is due, we do not decide. Accordingly, upon return of the remittitur, unless interest is stricken we order a reversal; otherwise the case is affirmed. See Code § 110-311; *Davis v. Howell,* 220 Ga. 287, 288 (138 SE2d 563); *Giant Peanut Co. v. Carolina Chemicals, Inc.,* 133 Ga. App. 229 (1) (211 SE2d 155); s.c. 135 Ga. App. 597 (218 SE2d 305).

6. During final argument counsel for plaintiff sought to invite the personal interest of the jurors by suggesting that they should "look at your own policy and then see your agent to escape the very predicament Mr. Dills is in." Proper objection was promptly made, as well as a motion for mistrial. The court sustained the objection, ordered the comment stricken, and instructed the jury not to consider their personal insurance "or anything of that nature," but denied the motion for mistrial, admonishing counsel, "not to repeat that type of argument again." The court did not abuse its discretion in taking corrective action here within the parameters of Code § 81-1009. See *Spence v. Dasher,* 63 Ga. 430 (2); *McCluskey v. American Oil Co.,* 225 Ga. 63, 64-65 (165 SE2d 830); *Spell v. State,* 225 Ga. 705 (3), 709 (171 SE2d 285). The court did not err in denying the motion for mistrial.

7. During a colloquy with the court in considering an amendment to the pre-trial order, counsel for the defendant insurance company was insisting that subsequent to the date of loss (July 26, 1974), but after this suit was filed, in litigation between the husband (plaintiff) and wife (who was not a party although

plaintiff had sought to make her a party), plaintiff's one-half undivided interest had been divested by reason of judgment in federal court and the property sold at public sale. Defendant was insisting that plaintiff could no longer maintain this action as he no longer had an insurable interest. The amended pre-trial order stated the parties stipulated that on the date of loss (July 26, 1974), plaintiff and his former wife were tenants in common or joint owners of the property, and certain amended defenses were ordered stricken. Appellant now contends the court erred in charging the jury that plaintiff could only recover" to the extent of his interest in the property... stipulated as being a one-half undivided interest." The charge is not subject to the attack made since the pre-trial order sets forth the stipulation ("a tenant in common and a joint owner of the property"), and counsel for defendant was therefore arguing that the subsequent public sale divested plaintiff of his insurable interest, that is, the sale of his one-half interest to pay off a judgment. If the plaintiff owned a one-half interest in the property when the policy issued and when the loss occurred he can maintain an action as he had an insurable interest if he is otherwise entitled to prevail. See *Shield Ins. Co. v. Kemp,* 117 Ga. App. 538 (2), supra. We see no reversible error in the use of the word "stipulated" in light of defendant's contentions and argument in the trial court and the language of the pre-trial order which is in no way contested. There is no merit in this enumeration of error.

8. On June 3, 1976, interrogatories were served on plaintiff, and defendant now complains these interrogatories were never answered. It is noted that on November 30, 1976, a pre-trial order was issued requiring all discovery to be complete on January 10, 1977. Thereafter, continuing interrogatories were requested by defendant of plaintiff on January 31, 1977, and again on February 9, 1977. Trial had been set down in the pre-trial order on January 17, 1977, but was not held until March 7, 1977. On March 4, 1977, defendant filed a written motion for a continuance or in the alternative "a motion for the imposition of sanctions and the dismissal of plaintiff's action" for failing to answer the interrogatories. It is also noted that the pre-trial order

was amended by the court on March 4, 1977, and an issue was added apparently as suggested by defendant. No ruling on the motion for continuance was ever obtained, although at the trial there was some discussion as to a continuance to make the plaintiff's former wife a party. But the case was called for trial, and no motion for continuance was made at trial time by defendant, if in fact, it had not waived its right to discovery because of delay between the filing of its first interrogatories on June 3, 1976, and the continuance motion not filed until three days before trial. But again when the case was called, it is presumed no motion was made for continuance under Rule 41 (Code Ann. § 24-3341), and the written motion filed earlier is presumed to have been waived by defendant, and not insisted upon, since he obtained no ruling thereon before trial. No abuse of discretion has been shown in the trial court allegedly denying defendant the right of discovery under the circumstances. See in this connection such cases as *Charles v. Segars,* 127 Ga. App. 333, 334 (2) (193 SE2d 564); *Hunter v. Jones,* 36 Ga. App. 816 (2) (138 SE 263); *Payne v. Ormond,* 44 Ga. 514 (1); *Fisher v. State,* 93 Ga. 309 (3) (20 SE 329).

9. Examination of the various other written requests to charge based on various statements of the law found in court decisions in the light of the charge as given fails to disclose any reversible error because the court failed to give all of these written requests, some of which were fully covered in the charge, and others which are argumentative and more favorable to the defendant than plaintiff. We see no error in any of the enumerations of error complaining of the failure to give the written requests.

*Judgment affirmed with direction. Bell, C. J., and Smith, J., concur.*

ARGUED OCTOBER 4, 1977 — DECIDED FEBRUARY 9, 1978 —
REHEARING DENIED MARCH 8, 1978 —
CERT. APPLIED FOR.

*Frank M. Gleason, James A. Secord,* for appellant.

*H. H. Gearinger,* for appellee.